**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:20-cv-00622 |
| vs. | § § § | |
| TCO AS | § | |
| TCO PRODUCTS INC. | § | |
| ARSENAL INC. | § § | |
| Defendant. | | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NCS Multistage Inc. ("NCS" or "Plaintiff"), by and through the undersigned counsel, hereby brings its Complaint for Patent Infringement against Defendants TCO AS ("TCO Norway"), TCO Products Inc. ("TCO USA") and Arsenal Inc. ("Arsenal") (collectively "Defendants").

**NATURE OF THE ACTION**

1. This is an action for patent infringement. NCS alleges that TCO Norway, TCO USA, and Arsenal infringe the following NCS Patent, which is attached hereto as **Exhibit A**:

    - U.S. Patent No. 10,465,445 ("the '445 Patent")

2. NCS alleges that TCO Norway, TCO USA, and Arsenal infringe the '445 Patent by making, using, offering for sale, selling, and/or importing the TDP-PO (Pump Open – Casing and Tubing Floating Device) (hereafter "TDP-PO Floating Device"), a system used in downhole well completion. NCS seeks damages, injunctive, and other relief for their infringement of the '445 Patent.

## THE PARTIES

3. Plaintiff NCS is a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1, and with worldwide headquarters at 19350 State Highway 249, Suite 600, Houston, TX 77070.

4. Upon information and belief, Defendant TCO Norway is a Norwegian company with a principal place of business at Storaneset 20, PO Box 23, 5260 Indre Arna, N-5888, Bergen, Norway.

5. Upon information and belief, Defendant TCO USA is a subsidiary of TCO Norway with a principal place of business at 1417 Vander Wilt Lane, Katy, Texas 77449.

6. Upon information and belief, Defendant Arsenal Inc. is a Texas corporation with a principal place of business at 700 Louisiana St., Suite 3950, Houston, TX 77002, and an office in Marion, Texas at 22420 I-10 West, Marion, Texas 78123.

## JURISDICTION AND VENUE

7. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8. This Court has general personal jurisdiction over TCO Norway because it has availed itself of the rights and benefits of the laws of Texas, has derived substantial revenue from the sales of the infringing TDP-PO Floating Device in Texas, and it has systematic and continuous business contacts with Texas. Additionally, this Court has specific personal jurisdiction over TCO Norway because TCO Norway purposefully directed its activities at Texas, the claim arises out of TCO Norway's activities with Texas, and the assertion of personal jurisdiction is reasonable and fair. TCO Norway conducts business in the State of Texas. TCO

Norway markets oil and gas equipment to Texas customers via its website www.tcogroup.com, including the infringing TDP-PO Floating Device. TCO Norway personnel travel to TCO USA in Katy, Texas to conduct business. TCO Norway manufactures oil and gas equipment in Norway and ships that equipment from Norway to its subsidiary TCO USA in Katy, Texas. TCO USA sells that equipment to customers in the United States, including customers located in the Western District of Texas. Upon information and belief, TCO Norway manufactures and ships to TCO USA equipment specifically designed for the infringing TDP-PO Floating Device, so that TCO USA can sell the infringing TDP-PO Floating Device in the United States, including in Texas. TCO USA makes the TDO-PO Floating Device and offers for sale and sells the infringing device in Texas.

9. This Court has personal jurisdiction over TCO USA. Upon information and belief, TCO USA is a Texas resident with a principal place of business in Katy, Texas.

10. This Court has personal jurisdiction over Arsenal. Upon information and belief, Arsenal is a Texas resident, with offices in Houston and Marion, Texas.

11. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because, upon information and belief, TCO Norway, TCO USA, and Arsenal conduct business within the jurisdiction of the Western District of Texas. Upon information and belief, TCO Norway in Norway manufactures and ships to TCO USA in Katy, Texas equipment that is specifically designed for the infringing TDP-PO Floating Device, so that TCO USA can sell the infringing TDP-PO Floating Device in the Western District of Texas. TCO Norway instructs TCO USA on how to assemble the infringing TDP-PO Floating Device. TCO USA manufactures the infringing TDP-PO Floating Device and offers for sale and sells the infringing device in the Western District of Texas. Furthermore, upon information and belief, Arsenal has an office in

Marion, Texas, which is under the jurisdiction of the Western District of Texas. Upon information and belief, Arsenal resells the infringing TDO-PO Floating Device to customers in the Western District of Texas. Upon information and belief, TCO Norway, TCO USA, and Arsenal committed acts of patent infringement in this district.

## BACKGROUND

*A. NCS*

12. NCS is a leading technology and service company that specializes in multistage well completions. NCS initially formed in Canada in 2006 as NCS Oilfield Services and began developing downhole completion tools for conventional and unconventional completions. In 2008, NCS incorporated in the United States and established its world headquarters in Houston, TX. Today, NCS has 20 offices in the U.S. and Canada, and operates in Argentina, China, Russia, the Middle East and the North Sea, with a record of over 10,000 field successes.

13. NCS is an expert in developing downhole tools like its AirLock® buoyancy system, a "casing float tool" covered by the '445 Patent. NCS marks its AirLock® system with the web address of its patent notice which contains the '445 Patent number. As a casing string is run into the horizontal portion of a wellbore the casing string can drag on the bottom of the wellbore due to its weight and gravity. This makes it challenging to run the casing to the target zone. The AirLock® system is designed to create buoyancy in the casing string, so that the string is lighter and it is easier to run the casing into the wellbore. This is called "floating the casing" into the wellbore. Below is a picture of the patented Airlock® system.



14.     The AirLock® system (above in green) is a tubular body attached to the casing string (above in grey).  Within the tubular is a rupture disc (above in white).  In use, the portion of the casing string above the rupture disc is filled with fluid.  The portion of the casing string below the rupture disc is filled with air, which creates buoyancy in the lower portion of the string.  This enhanced buoyancy reduces sliding friction up to 50% while the enhanced weight of the vertical section provides the force needed to push the string all the way to the toe of the well.  After the casing string is run to the target zone, hydraulic pressure is applied from the surface, which causes the rupture disc to disengage from the tubular walls and shatter.  This process restores the internal diameter of the casing string so that fluid can freely flow through the casing string.    More than 9,000 AirLock systems have been installed, and casing has landed on more than 99.9% of first attempts.

15. NCS invests substantial resources in innovation and the protection of its valuable intellectual property. To date, NCS has worldwide approximately 51 issued patents, including the '445 Patent that covers its AirLock® System, and 98 pending patent applications.

### B. TCO NORWAY & TCO USA

16. Upon information and belief, TCO Norway is a Norwegian oil and gas services company. TCO Norway offers for sale through its website, www.tcogroup.com, various oil and gas equipment, including the infringing TDP-PO Floating Device. (*See* http://www.tcogroup.com/tdp-po/category52.html; http://www.tcogroup.com/case-studies/tco-tdp-po-pump-open-plug-eliminating-slick-line-operations-in-highly-deviated-wells-article397-72.html). Upon information and belief, TCO Norway personnel travel to TCO USA to conduct business, including business related to the TDP-PO Floating Device. TCO Norway manufactures equipment in Norway specifically designed for the infringing TDP-PO Floating Device, such as glass barrier discs. TCO ships the equipment from Norway to its subsidiary TCO USA in Katy, Texas and instructs TCO USA on how to assemble the TDP-PO Floating Device. TCO USA then assembles that equipment into the infringing TDP-PO Floating Device and offers for sale and sells the equipment in the United States. An image of the TDO-PO device from TCO Norway's marketing materials is depicted below.



17. According to TCO Norway's marketing materials, the TDP-PO Floating Device is a casing floatation device, creating buoyancy in the casing string that makes it easier to run casing through the horizontal portion of a wellbore. The TDP-PO Floating Device is a tubular body that has a glass barrier disc. After the casing is landed in the target zone, the glass barrier is ruptured by applying hydraulic pressure from the surface, which restores the internal diameter of the casing string.

### C. *Arsenal*

18. Upon information and belief, Arsenal is a US company that provides casing solutions and drilling tools and is a US reseller of the TDP-PO Floating Device.

### D. *NCS Notifies TCO of Infringement Concerns in December 2019*

19. On December 17, 2019, NCS' counsel sent a letter to Nils-Petter Sivertsen, Chief Executive Officer for TCO, notifying TCO of the '445 Patent and NCS' concern that TCO's TDP-PO Floating Device infringed the '445 Patent. The letter included a claim chart demonstrating how TCO's TDP-PO Floating Device met a claim of the '445 Patent.

## **COUNT 1: INFRINGEMENT OF THE '445 PATENT**

20. The allegations of paragraphs 1-19 of this Complaint are incorporated by reference as though fully set forth herein.

21. NCS owns by assignment the entire right, title, and interest in the '445 Patent.

22. The '445 Patent was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019 and is entitled "Casing Float Tool." A true and correct copy of the '445 Patent is attached hereto as **Exhibit A**.

23. The '445 Patent is valid and enforceable under the laws of the United States.

24.     TCO USA and Arsenal have directly infringed and are directly infringing at least claims 14-15, 22-25, 27-31, 36-43, 46, 50-53, and 55-57 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, selling, and/or importing in the United States without authority the accused TDP-PO Floating Device.  For example, as shown in the claim chart attached hereto as **Exhibit B**, the TDP-PO Floating Device meets every element of claim 28 either literally or under the doctrine of equivalents.

25.     TCO Norway, TCO USA, and Arsenal have indirectly infringed and/or are indirectly infringing at least claims 22-25, 27, 50-53, and 55-57 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq*. With knowledge of the '445 Patent, TCO and Arsenal have induced and/or are inducing customers to directly infringe the '445 Patent by directing, causing, instructing and/or encouraging their customers to use the TDP-PO Floating Device to perform the method of claims 22-25, 27, 50-53, and 55-57 of the '445 Patent.  For example, TCO Norway advertises to customers on its website, www.tcogroup.com, that its TDP-PO Floating Device can be installed on casing and run into a well with the casing.  A rupture disc in the device creates buoyancy so that the casing can be floated to the target zone.  TCO Norway advertises that once its customers run the casing to the target zone, they can apply pressure to rupture the rupture disc in TDP-PO Floating Device, which restores the casing diameter.  Upon information and belief, TCO Norway ships from Norway to its subsidiary TCO USA equipment specifically designed for the TDP-PO Floating Device.   TCO USA advertises the TDP-PO Floating Device to US customers as a device that can be used to float casing, and sells the device for that purpose. Similarly, Arsenal advertises the TDP-PO Floating Device to US customers as a device that can be used to float casing, and sells the device for that purpose.

26. TCO Norway's and TCO USA's infringement of the '445 Patent has been and continues to be willful and deliberate. Upon information and belief, TCO Norway and TCO USA have been on notice of their infringement of the '445 Patent since at least December 17, 2019, when NCS' counsel notified Mr. Petters of the '445 Patent and NCS' concerns about the infringing TDP-PO Floating Device. However, upon information and belief, TCO Norway and TCO USA continue to use, sell, offer to sell, and import the accused TDP-PO Floating Device, despite a known or obvious risk of infringement of the '445 Patent.

27. As a result of TCO Norway's, TCO USA's, and Arsenal's acts of infringement, NCS has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, NCS prays for the following relief:

A. A judgment that TCO Norway has infringed the '445 Patent;

B. A judgment that TCO USA has infringed the '445 Patent;

C. A judgment that Arsenal has infringed the '445 Patent;

D. An order enjoining TCO Norway, its officers, agents, employees, and those persons in active concert or participation with any of them, and TCO Norway's successors and assigns, from continuing to infringe the '445 Patent;

E. An order enjoining TCO USA, its officers, agents, employees, and those persons in active concert or participation with any of them, and TCO USA's successors and assigns, from continuing to infringe the '445 Patent;

F. An order enjoining Arsenal, its officers, agents, employees, and those persons in active concert or participation with any of them, and Arsenal's successors and assigns, from continuing to infringe the '445 Patent;

G. An order awarding NCS its damages pursuant to 35 U.S.C. § 284;

H. An order finding that TCO Norway's infringement has been willful and increasing the damages awarded to NCS to three times the amount assessed pursuant to 35 U.S.C. § 284;

I. An order finding that TCO USA's infringement has been willful and increasing the damages awarded to NCS to three times the amount assessed pursuant to 35 U.S.C. § 284;

J. An order finding that Arsenal's infringement has been willful and increasing the damages awarded to NCS to three times the amount assessed pursuant to 35 U.S.C. § 284;

K. An order finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and awarding NCS its attorneys' fees;

L. An order awarding NCS prejudgment and post-judgment interest on its damages;

M. An order awarding NCS its costs;

N. An order awarding NCS any other and further relief as the Court deems proper.

Dated: July 9, 2020

Respectfully submitted,

*/s/ Domingo M. LLagostera*
BLANK ROME LLP
**Domingo M. Llagostera** (*Attorney-in-charge*)
State Bar No. 24070157
Tel.: (713) 632-8682
DLLagostera@BlankRome.com
717 Texas Avenue, Suite 1400
Houston, TX 77002

**Attorneys for Plaintiff NCS Multistage Inc.**