**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| NCS MULTISTAGE INC., <br><br> Plaintiff, <br><br> v. <br><br> TCO AS ET AL <br><br> Defendant. | CIVIL ACTION NO. 6:20-CV-00622 <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT TCO PRODUCTS INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE**

## Introduction

Defendant TCO Products Inc. ("Defendant" or "TCO Products") files this Motion to Dismiss for Improper Venue pursuant to Rule 12(b)(3).[1]  In support of this Motion, TCO Products submits a Declaration from Steven Cramp ("Cramp Dec.") setting forth facts relevant to this Motion.  Dismissal is warranted under the patent venue statute, 28 U.S.C. § 1400(b), because TCO Products does not reside in this Judicial District, and does not have a regular and established place of business in this Judicial District.

## Statement of Facts

Plaintiff NCS Multistage Inc. ("Plaintiff" or "NCS") filed this case alleging patent infringement of U.S. Patent No. 10,465,445 by TCO Products, TCO AS, and Arsenal Inc.  The accused product is the TDP-PO (Pump Open-Casing and Tubing Floating Device) used in downhole well completion ("the Accused Product").  Complaint, para. 2. According to the Complaint, Plaintiff is a Canadian corporation with its worldwide headquarters in Houston, Texas.  Complaint, para. 3.  TCO Products is a Texas corporation with its principal place of business at 1417 Vander Wilt Lane, Katy, Texas 77449 (a suburb of Houston), which is in the Southern District of Texas Judicial District.  Cramp Dec. Paragraph 4.  Contrary to Plaintiff's allegations, the Accused Product is not manufactured in the Western District of Texas Judicial District.  Cramp Dec. Paragraph 7.  TCO Products does not maintain a place of business within the territory of the Western District of Texas Judicial District.  Cramp Dec. Paragraph 5.  Indeed, TCO Products has no employees and does not own or lease any property in the Western District of Texas.  Cramp Dec. Paragraph 5.

---

[1] Defendant TCO AS is a Norwegian entity that understands that it is being served through the Hague Convention.  To date, TCO AS has not yet been served and maintains its right to file a responsive pleading to the Complaint.

**Argument**

Plaintiff's claims against TCO Products must be dismissed for improper venue. Plaintiff bears the burden of establishing proper venue, and it cannot establish proper venue in the Western District of Texas as a matter of law. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

Pursuant to the Patent Venue Statute, 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Venue must be proper for each defendant. *Wet Sounds, Inc. v. PowerBass USA, Inc.*, 2018 WL 1811354, *3 (S.D. Tex. 2018). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517, 581 U.S.___ (2017). However, a corporation does not reside in every judicial district in the state in which it is incorporated. *In re BigCommerce, Inc.*, 890 F.3d 978, 986 (Fed. Cir. 2018). "For purposes of determining venue under § 1400(b) in a state having multiple judicial districts, a corporate defendant shall be considered to 'reside' only in the single judicial district within that state where it maintains a principal place of business, or, failing that, the judicial district in which its registered office is located." *Id.* It is undisputed that TCO Products's principal place of business is in Katy, Texas, which is located in the Southern District of Texas. Cramp Dec. Paragraph 4; Complaint, Paragraph 5. Accordingly, for the purposes of the first prong of the venue patent statue, TCO Products only "resides" within the Southern District of Texas and venue is improper in the Western District of Texas.

Pursuant to the second prong of the patent venue statue, venue may be brought in a judicial district where the defendant has committed acts of infringement and has a regular *and* established

place of business.  28 U.S.C. § 1400(b); *TC Heartland LLC*, 137 S. Ct. at 1521.  Plaintiff alleges that TCO Products "manufactures the [Accused Product] and offers for sale and sells the infringing device in the Western District of Texas."  Complaint, para. 11.  However, merely alleging infringement in this Judicial District is insufficient to establish venue.  *Optic153 LLC v. Thorlabs, Inc.*, 6:19 cv-00667, 2020 WL 3403076 (Slip Copy) (June 19, 2020 Order by Judge Albright dismissing case for improper venue for plaintiff failed to establish defendant has a regular and established please of business within the judicial district).  Plaintiff must still establish that TCO Products has a regular and established place of business in this Judicial District.  Plaintiff cannot satisfy its burden because TCO Products does not own or lease any property in the Western District, does not manufacture the Accused Product in this District, and does not have any employees in the Western District.  Cramp Dec. Paragraphs 5, and 7.  To establish a regular and established place of business, there must be a physical place in the district that is the place of the defendant.  *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017).  TCO Products does not maintain such a physical place in the Western District of Texas Judicial District and as such venue is also improper pursuant to the second prong of the patent venue statute.

      Plaintiff also alleges venue is proper pursuant to 28 U.S.C. § 1391. Section 1319 states:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contact.

The proper venue pursuant to Section 1391 is the Houston Division of the Southern District of Texas.  The Southern District of Texas is where TCO Products is headquartered, where the employees familiar with the operation of Accused Products are primarily located, and where TCO

4

Products would be subject to personal jurisdiction if each district within Texas were a separate state.  TCO Products does not have systematic and continuous contact with the Western District of Texas Judicial District and the cause of action alleged in the Complaint did not arise out of events that occurred in the Western District of Texas Judicial District.  Again, it is undisputed that TCO Products's most significant contacts within this state is in the Southern District of Texas, where its principal place of business is located.  As such, venue is improper pursuant to 28 U.S.C. § 1391.

## Conclusion

Plaintiff's claims against TCO Products Inc. should be dismissed as venue is improper pursuant to the Federal Rules of Civil Procedure 12(b)(3).  TCO Products "resides" in the Judicial District of the Southern District of Texas and does not have a regular and established place of business in the Western District of Texas Judicial District.  Additionally, TCO Products's most significant contacts are where its principal place of business is located, Katy Texas, which is within the Southern District of Texas.  As such, venue is improper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391 and should be dismissed.

Dated: September 3, 2020

Respectfully submitted,

 /s/Jonathan R. Spivey
Jonathan R. Spivey
Attorney-in-Charge
State Bar No. 24002989
Jspivey@Polsinelli.com

LaTasha M. Snipes
State Bar No. 24072504
Tsnipes@Polsinelli.com

Enes Ovcina
Admitted *Pro Hac Vice*
Polsinelli PC
1000 Louisiana St., Ste. 6400
Houston, TX 77002
(713) 374-1600 (phone)
***Attorneys for TCO Products Inc.***

2

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure on September 3, 2020.

 /s/Jonathan R. Spivey  
Jonathan R. Spivey