**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:20-cv-00622-ADA |
| | § | |
| v. | § | |
| | § | |
| TCO AS, | § | |
| TCO PRODUCTS INC., | § | |
| ARSENAL INC. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**TCO PRODUCTS INC.'S AND SPECIALLY APPEARING DEFENDANT TCO AS'S**
**OPPOSITION AND MOTION TO STRIKE PLAINTIFF'S NOTICE OF READINESS**

Pursuant to Judge Albright's Standing Order Regarding Notice of Readiness in Patent Cases dated August 7, 2019, Defendants TCO Products Inc. ("TCO Products") and specially appearing defendant TCO AS ("TCO AS," collectively the "TCO Defendants") respectfully submit this Opposition and Motion to Strike Plaintiff NCS Multistage Inc.'s ("NCS") Notice of Readiness in Patent Case ("Notice of Readiness").  NCS filed its notice prematurely, and in direct contradiction of this Court's instructions.  NCS's premature Notice of Readiness is an attempt by NCS to circumvent this Court's standing orders, and ignore the fundamental due process rights afforded by the Federal Rules of Civil Procedure to all Defendants.  Accordingly, TCO Defendants submit this opposition to inform the Court that this case is not ready for an Initial Case Management Conference, and respectfully request that the Court strike NCS's Notice of Readiness, Doc. No. 23.[1]

---

[1] On September 4, 2020, Counsel for TCO Defendants alerted NCS of the fact that it prematurely filed the Notice of Readiness and requested that NCS withdraw it. See Ex. A, Sept. 4, 2020 Email from J. Spivey to D. Llagostera.  NCS refused to withdraw the notice and disagreed that it was prematurely filed.  Ex. A, Sept. 8, 2020 Reply Email D. Llagostera to J. Spivey.

I.    **THIS LITIGATION IS NOT READY FOR AN INITIAL CASE MANAGEMENT CONFERENCE**

   A.   **NCS's Notice of Readiness is Premature**

This Court's Standing Order Regarding Notice of Readiness in Patent Cases dated August 7, 2019 is unambiguous: the notice of readiness is supposed to be filed "when all defendants have responded to the initial pleadings (whether by Answer or Motion)." Aug. 7, 2019 Standing Or. at 1.  NCS's Notice of Readiness is premature because specially appearing Defendant TCO AS has not been served.  NCS admits as much.  *See* Dkt. No. 23, Notice of Readiness, at p. 1 ("TCO Norway has not yet been served because it insists on service under the Hague…").  This fact alone renders NCS's Notice of Readiness moot.

   B.   **NCS's Premature Notice of Readiness is a Flagrant Attempt to Circumvent the Federal Rules of Civil Procedure**

In addition to ignoring this Court's standing order, NCS's improper Notice of Readiness contradicts not only the letter, but also the spirit of the Federal Rules. The service of process is an essential step in any lawsuit – so much so that if it is not performed properly, a lawsuit cannot proceed. "If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Service of both the summons and a copy of the complaint is the official method by which a plaintiff notifies a defendant that she is being sued. The purposes of service of process are: (1) to give the court jurisdiction over the defendant; (2) to satisfy due-process requirements by giving the defendant notice of the suit; and (3) to give the defendant the opportunity to defend herself. *See Henderson v. United States*, 517 U.S. 654, 672 (1996).  In fact, judgment cannot be rendered against a defendant unless the defendant has been served with process, has accepted or waived service, or has entered an appearance.  Without valid service of process, the court does not obtain

2

personal jurisdiction over the defendant. *Omni Capital Int'l. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Accordingly, service of process is critical because it establishes that the court hearing the lawsuit has jurisdiction over the defendant.  *See O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.")

Here, NCS admits that TCO AS, a foreign entity, has not been served.  *See* Dkt. No. 23, Notice of Readiness, at p. 1 ("TCO Norway has not yet been served because it insists on service under the Hague…").  NCS then incorrectly asserts that because TCO AS intends to respond to NCS's complaint with its own motion, it obviates NCS's need to properly serve all Defendants. However, the fact that TCO AS knows about Plaintiff's lawsuit or has obtained a copy of the complaint from another source does not relieve Plaintiff of the obligation to obtain proper service of process.  Actual notice of the claim is insufficient to establish service of process.  *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995); *see also LSJ Inv. Co., Inc., v. OLD, Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) "actual knowledge and lack of prejudice cannot take the place of legally sufficient service."    Here, NCS appears to view service of process as a nuisance that may be disregarded.  However, service of process is, as Judge Gilstrap described, "a privilege of the Defendants and one which they are entitled to insist upon." *Blitzsafe Texas LLC v. Geely Sweden Holdings AB*, 2:17- cv-420-JRG, D.I. 83, slip copy at 2–3 (E.D. Tex. June 26, 2018) (quoting *C & F Sys., LLC v. Limpimax*, S.A., No. 1:09-cv-858, 2010 U.S. Dist. LEXIS 973, at *3 (W.D. Mich. Jan. 6, 2010)).

Accordingly, this case is not ready for an initial Case Management Conference, and NCS's premature Notice of Readiness should be stricken.

### C. NCS's Accusation of Delay is Meritless

NCS accuses the TCO Defendants of delay because they insist on NCS following the rules. NCS's accusation is absurd and without merit, and reflects an attempt by NCS to detract from its own procedural delinquencies. NCS's own motion states that the parties were negotiating a waiver of service for TCO AS. *See* Dkt. No. 23, Notice of Readiness, at p. 1, FN1 ("TCO Norway would only agree to waive service through the Hague if NCS provided TCO US, who had already been served, a total of 90 days to answer the Complaint"). As NCS is well aware, this sort of request is not unreasonable and parties come to such an agreement frequently. Accordingly, any alleged delay rests solely with NCS.

## II.   CONCLUSION

For the foregoing reasons, the Court should strike NCS's Notice of Readiness and instruct Plaintiff to file the Notice of Readiness only after "all defendants have responded to the initial pleadings (whether by Answer or Motion)."

Dated: September 8, 2020

*/s/ Jonathan R. Spivey*
Jonathan R. Spivey
Texas Bar No. 24002989
jspivey@polsinelli.com
LaTasha M. Snipes
Texas Bar No. 24072504
tsnipes@polsinelli.com
Enes Ovcina
*Pro Hac Vice*
eovcina@polsinelli.com
POLSINELLI, PC
1000 Louisiana St., Suite 6400
Houston, Texas 77002
(713) 374-1600 (Office)
(713) 374-1601 (Facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2020 a copy of the foregoing Motion was electronically filed with the Clerk of the Court, United States District Court for the Western District of Texas and served via CM/ECF upon the counsel of record.

*/s/ Jonathan R. Spivey*
Jonathan R. Spivey
