**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:20-cv-00622-ADA |
| v. | § § | |
| TCO AS, TCO PRODUCTS INC., ARSENAL INC. | § § § § | |
| Defendants. | § § § | |

**SPECIALLY APPEARING TCO AS AND TCO PRODUCTS INC.'S MOTION FOR
PROTECTIVE ORDER AND STAY OF VENUE AND JURISDICTION DISCOVERY**

## **TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. Background ........................................................................................................................ 3

    A. TCO AS is a Foreign Entity Conducting Business Abroad. .................................. 3

III. Legal Authority .................................................................................................................. 4

IV. Argument ........................................................................................................................... 5

    A. A Protective Order Is Warranted in View of NCS's Multiple Deposition Notices ...................................................................................................................... 5

        1. NCS's Venue Discovery Is Not Targeted .................................................... 6

        2. NCS's Jurisdiction Discovery Is Premature. ............................................... 7

        3. A Protective Order is Necessary to Protect TCO Defendants from NCS's Ongoing Harassment. ........................................................................ 9

        4. A Protective Order is Necessary to Protect the TCO Defendants From Undue Burden. ................................................................................ 11

        5. NCS's Document Request is Improper. ..................................................... 11

    B. The Court Should Stay Venue and Jurisdiction Discovery Pending the Outcome of NCS's Predicate Motion for Alternative Service ............................. 11

        1. A Stay Will Not Prejudice NCS (First Factor). ......................................... 12

        2. TCO Defendants Will Suffer Hardship Absent a Stay (Second Factor). ......................................................................................................... 12

        3. A Stay Will Conserve Judicial Resources (Third Factor). ......................... 13

V. Conclusion ....................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                     **Page(s)**

*Cazorla v. Koch Foods of Mississippi, L.L.C.*,
    838 F.3d 540 (5th Cir. 2016) ...................................................................................................4

*Crawford-El v. Britton*,
    523 U.S. 574 (1998)...............................................................................................................4

*Freedom From Religion Found., Inc. v. Abbott*,
    No. A-16-CA-00233-SS, 2017 WL 2582804 (W.D. Tex. Oct. 13, 2017)................................4

*Gould v. Control Laser Corp.*,
    705 F.2d 1340 (Fed. Cir. 1983)...............................................................................................5

*Henderson v. United States*,
    517 U.S. 654 (1996)...............................................................................................................9

*I. Niazi v. St. Jude Medical S.C., Inc.*,
    Case No. 17-cv-183-jdp (W.D. Wis. Nov. 7, 2017), Slip Op., Dkt. No. 36 .............................7

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)...............................................................................................................5

*Landry v. Air Line Pilots Ass'n*,
    901 F.2d 404 (5th Cir. 1990) ..................................................................................................4

*Monkton Ins. Servs., Ltd. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) ..................................................................................................7

*NFC Tech. LLC v. HTC Am., Inc.*,
    2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ......................................................................12

*O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*,
    340 F.3d 345 (6th Cir. 2003) ................................................................................................12

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978).............................................................................................................10

*Optic153 LLC v. Thorlabs Inc.*,
    No. 6:19-CV-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020) .......................6, 7

*Patent Holder LLC v. Lone Wolf Dist. Inc.*,
    Case No. 17-23060-Civ-Scola (S.D. Fla. Oct. 31, 2017), Slip Op., Dkt. No. 20 .....................7

*Raytheon Co. v. Samsung Elecs. Co.*,
    2016 WL 11639659 (E.D. Tex. Feb. 22, 2016) ....................................................................12

*Salter v. Upjohn*,
    593 F.2d 649 (5th Cir. 1979) ................................................................................................4

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
    282 F.Supp.3d 916 (E.D. Va. Sept. 28, 2017) ........................................................................7

*In re Terra Int'l, Inc.*,
    134 F.3d 302 (5th Cir. 1998) ................................................................................................4

*United States v. Garrett*,
    571 F.2d 1323 (5th Cir. 1978) ..............................................................................................4

*Walker v. Alta Colleges, Inc.*,
    No. 9-CV-894-LY, 2010 WL 2710769 (W.D. Tex. July 6, 2010) ..........................................4

*Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*,
    341 F. Supp. 2d 639 (N.D. Tex. 2004) ..................................................................................4

*Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*,
    No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) ....................................11

**Other Authorities**                                                                                                        **Page(s)**

Fed. R. Civ. P. 4 .............................................................................................................................9

Fed. R. Civ. P. 26 ..............................................................................................................1, 4, 9, 10

Fed. R. Civ. P. 30 ........................................................................................................1, 2, 4, 5, 11

Fed. R. Civ. P. 34 .........................................................................................................................11

U.S. Patent No. 10,465,445 ............................................................................................................3

## I. INTRODUCTION

Specially appearing Defendant TCO AS ("TCO AS") and Defendant TCO Products Inc. ("TCO Products," collectively the "TCO Defendants") hereby respectfully move for a protective order relating to the venue and jurisdiction discovery sought by Plaintiff NCS Multistage, Inc. ("NCS") pursuant to Federal Rule of Civil Procedure 26(c)(1)(A). The TCO Defendants also request a stay of venue and jurisdiction discovery until the Court resolves NCS's Opposed Motion for Leave to Effect Alternative Service on Defendant TCO AS, Dkt. 27, and this Motion for Protective Order, which requires the Court's intervention on the scope of permissible venue and jurisdiction discovery.

NCS's case against the TCO Defendants is premised on TCO AS's purported involvement in TCO Products's alleged patent infringement in the United States. *See* Dkt. 1, Complaint. A review of the Complaint, along with the correspondence between the parties, confirms, however, that NCS lacks a factual basis for its allegations attempting to link TCO AS to the activities of TCO Products. Further, as explained in TCO Products's Motion to Dismiss for Improper Venue, this Court is not the proper venue for NCS's lawsuit, and the present dispute stems from NCS's failure to explain why venue is proper in this District. *See generally*, Dkt. 21.[1] Rather than address that question, NCS seeks burdensome depositions purportedly relevant to not only venue, but also jurisdiction over a defendant that has yet to be served, and has not filed any responsive pleading to the Complaint challenging jurisdiction.

The parties are in dispute regarding the scope and permissibility of NCS's discovery. These disputes were brought to the Court's attention in email correspondence with the clerk, Dr.

---

[1] Similarly, Arsenal Inc., another named defendant in this lawsuit, filed a motion to dismiss for improper venue. *See generally*, Dkt. 22. This demonstrates NCS's blatant forum shopping, and further supports TCO Products's motion to dismiss for improper venue.

74775316.11

Joshua Yi.  *See* Exhibit 2, Email Correspondence between Parties and Clerk.  The TCO Defendants acknowledge the Court initially suggested that the deposition topics were not overbroad; however, in response the TCO Defendants provided a substantive discussion about the impermissible scope of the discovery that required not only a hearing, but also the benefit of briefing.  *See*, Exhibit 2, Sept. 9, 2020 J. Spivey email to J. Li (8:43 PM).  Notably, both the TCO Defendants and NCS requested a hearing on this issue. Exhibit 2, Sept. 9, 2020 J. Spivey email to J. Li (8:43 PM) and Sept. 9, 2020 email from D. LLagostera to J. Li (5:58 PM)

In the last seven days, NCS has served the TCO Defendants with three deposition notices: (1) a Rule 30(b) (6) deposition notice to TCO Products, (2) a Rule 30(b) (6) deposition notice to TCO AS, and (3) a Rule 30(b) (1) deposition notice on Steven Cramp, an employee of TCO Products.  NCS's deposition topics and corresponding document requests seek discovery that are impermissibly broad and unrelated to whether the Western District of Texas is the proper venue for the patent infringement action.  The TCO Defendants believe that such depositions are irrelevant and entirely unnecessary, particularly because TCO AS has yet to be served with the Complaint.  Further, in view of pending motion challenging venue in the Western District of Texas, it would be unfair and unjust to force the TCO Defendants to respond to the broad scope documents and information sought by NCS.

NCS has tried every conceivable way to disregard the traditional notions of fair play and substantial justice in an effort to strong-arm the TCO Defendants.  A protective order is necessary to prevent NCS's continued harassment of the TCO Defendants, protect the TCO Defendants from undue burden and expense of preparing for and defending NCS's multiple notices of deposition when one deposition, at the appropriate time, would suffice.  The Court should reject NCS's vexatious litigation strategies.  Accordingly, the TCO Defendants therefore request that the Court

74775316.11

grant a protective order as to NCS's venue and jurisdiction discovery, and stay the discovery pending a decision on the predicate motions.

## II. BACKGROUND

On July 9, 2020, NCS filed its Complaint, accusing TCO AS, TCO Products Inc., and Arsenal Inc. (collectively, the "Defendants") of infringing U.S. Patent 10,465,445 ("the '445 Patent"). *See generally*, Dkt. 1. According to the Complaint, the Defendants "infringe the '445 Patent by making, using, offering for sale, selling, and/or importing the TDP-PO (Pump Open – Casing and Tubing Floating Device)." Dkt. 1 at ¶ 2. Plaintiff's Complaint fails to allege any theory of contributory infringement or inducement. *See generally*, Dkt. 1. The infringement allegations are based solely on products sold, offered for sale, and manufactured at the direction of TCO Products Inc., and the majority of the Complaint is directed at TCO Products Inc.'s alleged conduct. TCO AS is not a customer or seller of the accused product, nor is it the manufacturer of the accused product. The end result is that Plaintiff's Complaint contains numerous incorrect allegations.

### A. TCO AS is a Foreign Entity Conducting Business Abroad.

TCO AS is a Norwegian limited company with a principal place of business in Indre Arna, Norway (Bergen Municipality). *See* Dkt. 21-1, Declaration of Steven Cramp ("Cramp Decl.") at ¶ 3. TCO AS has no employees, offices, or property anywhere in the U.S., and more importantly, TCO AS has not authorized anyone in the U.S. to accept service of process on its behalf. *Id*. TCO AS does not manufacture, sell, offer to sell, or distribute the accused product in the U.S., or import or ship the accused products into the U.S. *Id*. ¶ 8. Instead, TCO Products Inc., a Texas entity with its principal place of business in Katy, TX, is responsible for all U.S. activities related to the accused product, including pricing, marketing, and selling the accused products in the United States. *Id*. ¶ 9.

## III.     LEGAL AUTHORITY

A party may not seek discovery from any source before Rule 26(f) has been satisfied except by stipulation or court order, or when otherwise authorized by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(d)(1). This prohibition extends to depositions noticed pursuant to Rule 30. Fed. R. Civ. P. 30(a)(2)(iii). Where the parties cannot resolve a dispute concerning a noticed deposition, the party from whom the "discovery is sought may move for a protective order in the court where the action is pending…" Fed. R. Civ. P. 26(c)(1). Rule 26(c) generally allows courts "wide latitude" in structuring protective orders. *Freedom From Religion Found., Inc. v. Abbott*, No. A-16-CA-00233-SS, 2017 WL 2582804, *10 (W.D. Tex. Oct. 13, 2017) (slip copy). As such, Rule 26 vests courts with "broad discretion" to control the "timing and sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998); *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979).

To obtain such a protective order, good cause and a specific need for protection must be established. Fed. R. Civ. P. 26(c); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). The movant bears the burden of making such a showing, which includes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); *See also Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). Further "[u]nder [the Rule 26(c)] balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016). One manner by which a party may demonstrate good cause, within the meaning of Rule 26(c) is where a subpoena is prematurely issued. *See Walker v. Alta Colleges, Inc.*, No. 9-CV-894-LY, 2010 WL 2710769, at *6-7 (W.D. Tex. July 6, 2010) (granting motion to quash subpoena and further noting that "the slight chance that the information

4

would be relevant does not justify the burden and expense of conducting additional discovery on these peripheral issues").

Further, a district court has inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004) (quoting *Landis v. N. Am. Co.*, 299 U.S. at 254). "Such questions of docket management are left to the sound discretion of the district court," and require only that the court "weigh the competing interests of the parties relating to the appropriateness of a stay." *Id*., 341 F. Supp. 2d at 642 (citing *Landis*, 299 U.S. at 255).

IV. **ARGUMENT**

    **A. A Protective Order Is Warranted in View of NCS's Multiple Deposition Notices**

TCO Products, Inc.'s Motion to Dismiss for Improper Venue, Dkt. 21, is supported by a single declaration from Steven Cramp, the Managing Director of TCO Products. Due to NCS's strategic decision to serve TCO AS through the Hague Convention, Defendant TCO AS (a Norwegian entity) has not been served with the Complaint. Now, displeased with its strategic decision, NCS has filed a motion for alternative service of TCO AS, and served the TCO Defendants with three notices of deposition: (i) TCO Products 30(b)(6), (ii) TCO AS 30(b)(6), and (iii) Steven Cramp 30(b)(1).[2] NCS's deposition topics and corresponding document requests seek discovery that is not only over broad, but also unrelated to the only pending motion challenging

---

[2] All three deposition notices are attached hereto as Exhibit 1. The Rule 30(b) (1) Steven Cramp deposition notice was served with two days' notice.

5

venue. Pursuant to the Court's Example Order Governing Proceedings – Patent Case, this court "[w]ith respect to venue and jurisdictional discovery, . . . generally grants leave for the parties to conduct targeted discovery . . . with regard to motions to transfer venue or motions to dismiss based on lack of jurisdiction." However, NCS's abusive discovery tactics are well outside the "targeted discovery" contemplated by this court and necessitate the need for protective order.

### 1. NCS's Venue Discovery Is Not Targeted

The scope of NCS's requested venue discovery is excessive and well beyond what is needed to address improper venue. The burden rests with NCS to show that venue-related discovery is warranted. *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *4 (W.D. Tex. June 19, 2020) ("The party opposing dismissal and requesting discovery bears the burden of demonstrating the necessity of discovery."). Here, NCS has not made any showing as to why it is entitled to the overly broad discovery it seeks. A few examples suffice to establish this point:

- Topic 3 - The identities of shareholders in common between TCO US and TCO Norway;
- Topic 4 - The identities and roles of corporate executives shared between TCO US and TCO Norway;
- Topic 5 - The identities and roles of employees shared between TCO US and TCO Norway;
- Topic 7 - Assets shared by TCO US and TCO Norway; and
- Topic 8 - Bank accounts shared by TCO US and TCO Norway.

*See* Exhibit 1.

During the parties' meet-and-confers, NCS did not identify a single case supporting its legal position that the above-identified discovery is relevant to this court's analysis of whether venue for this patent infringement action is proper in the Western District of Texas. NCS's discovery is focused on supporting its contrived theory that TCO Products, Inc., and TCO AS

6

74775316.11

operate as one entity, but NCS has not come forth with a scintilla of evidence supporting that theory. More importantly, NCS's complaint is devoid of any allegations that the two entities operate as one or any factual allegations that support that the two entities "lack formal corporate separateness, which is a difficult standard to meet…" *Optic153*, 6:19 cv-00667, 2020 WL 3403076 *2 (*citing Sovereign IP, LLC v. AT&T Inc.*, 2017 5126158, at *1 (E.D. Tex. 2017). NCS's contrived allegations have nothing to do with the pending venue challenge and waft of a fishing expedition.

### 2. NCS's Jurisdiction Discovery Is Premature.

A plaintiff is not entitled to jurisdiction discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand [a motion to dismiss]." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (discussing personal jurisdiction related discovery) (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir.2009). Courts applying the *In Re Cray* standard have recognized that evidence of "a regular and established place of business" in a district should be "easily accessible to anyone, even without discovery." *I. Niazi v. St. Jude Medical S.C., Inc.*, Case No. 17-cv-183-jdp (W.D. Wis. Nov. 7, 2017), Slip Op., Dkt. No. 36. Indeed, allowing additional discovery of "a regular and established place of business" in the face of statements under oath to the contrary "would be, by definition, a 'fishing expedition.'" *Patent Holder LLC v. Lone Wolf Dist. Inc.*, Case No. 17-23060-Civ-Scola (S.D. Fla. Oct. 31, 2017), Slip Op., Dkt. No. 20; *see also Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 934 (E.D. Va. 2017) ("Lacking any threshold showing, the Court declines to order discovery that would allow [Plaintiff] to undertake a "fishing expedition."). This Court has held that absent an indication of fraud or misconduct in a defendant's declaration, there is no reason to believe that additional information would alter the outcome. *See Optic153*, 6:19 cv-00667, 2020 WL 3403076 (Slip Copy) (*citing Symbology Innovations, LLC v. Lego Sys., Inc.*, 158

F. Supp.3d 916, 913 (E.D. Va. 2017) (granting defendant's motion to dismiss for improper venue and denying plaintiff's request for jurisdictional discovery).

The deposition topics requested by NCS allegedly seek to contradict the sworn Cramp Decl. Dkt. 21-1.  In particular, Topic No. 13 seeks a witness regarding "TCO's US's activities in the WDTX and the extent to which these activities are directed/controlled by TCO Norway."  However, Mr. Cramp's sworn declaration confirms that TCO Products and TCO AS never had any facility in the Western District of Texas.  NCS has not come forth with anything to suggest that Mr. Cramp's declaration is incorrect.  Topic No. 14 similarly seeks information about "TCO Norway's business activities in Texas, including TCO Norway's contacts with Texas," but Mr. Cramp, on behalf of TCO Products, has already confirmed—under penalty of perjury—that there are no facilities in the Western District of Texas.

The remaining deposition topics are similarly unnecessary and thus irrelevant.  In particular, Topic Nos. 16 and 17, seek information regarding both TCO AS's and TCO Products's "involvement in the design, assembly, manufacture, sale, offer to sale, and importation of the Accused Product, including any components thereof," respectively.  These topics go well beyond the scope of venue related issues, and are inappropriate at this stage of the litigation.  Further, Topic No. 19 states: "TCO US and TCO Norway's employees and agents in Texas, including those conducting business in the WDTX."  However, Mr. Cramp's declaration confirms that there are no employees within this District.  Dkt. 21-1, at ¶¶ 5-6.  Again, NCS has not come forth with any reason to suggest that Mr. Cramp's declaration is incorrect.  Topic No. 2 seeks "TCO Group's" corporate structure.  However, NCS has failed to explain the relevance this topic to the issue of whether or not TCO Products has a regular and established place of business in this District.  As discussed above, Plaintiff's Complaint is devoid of any alter ego or lack of corporate separateness

8

allegation. *See generally*, Dkt. 1.  Accordingly, the court should quash NCS's TCO AS Deposition Notice.

### 3. A Protective Order is Necessary to Protect TCO Defendants from NCS's Ongoing Harassment.

A protective order is necessary to protect the TCO Defendants from harassment and annoyance.  First, TCO AS has not been properly served.  The service of process is an essential step in any lawsuit – so much so that if it is not performed properly, a lawsuit cannot proceed. "If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Service of both the summons and a copy of the complaint is the official method by which a plaintiff notifies a defendant that she is being sued.  The purposes of service of process are: (1) to give the court jurisdiction over the defendant; (2) to satisfy due-process requirements by giving the defendant notice of the suit; and (3) to give the defendant the opportunity to defend herself.  *See Henderson v. United States*, 517 U.S. 654, 672 (1996).  Here, NCS admits that TCO AS, a foreign entity, had not been served.  *See* Dkt. 23, Notice of Readiness, at p. 1 ("TCO Norway has not yet been served because it insists on service under the Hague…").  Now, NCS has filed an Opposed Motion for Leave to Effect Alternative Service on Defendant TCO AS.  *See generally*, Dkt. 27.  What is abundantly clear, however, is that NCS is only interested in curtailing TCO AS's rights in order to justify its forum shopping.

Further, TCO AS has not yet and may never have to file an answer (or counterclaims, should it choose to do so).  However, Plaintiff seeks discovery regarding, among other things, TCO AS's alleged infringement and potential defenses. The Federal Rules of Civil Procedure are clear that a party cannot seek discovery on unpled claims. Fed. R. Civ. P. 26(b)(1) ("Parties may

9

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…."). Again, NCS is not entitled to any discovery and certainly not discovery that is undeniably premature. In fact, the Court has not yet entered a schedule and recently cancelled the Case Management Conference because of NCS's misrepresentations. *See* Sept. 11, 2020 Court Order ("In its Notice of Readiness, Plaintiff does not allege that TCO AS has answered or otherwise responded, but appears to only argue that TCO AS had notice. **Because notice is plainly not the same as answering or otherwise responding, the Court GRANTS the motion**.") (emphasis added). Given the procedural posture of this case, NCS cannot credibly claim any need for the discovery nor any prejudice resulting from the modest delay sought by TCO AS.

Second, the TCO AS and TCO Products Deposition Notices go beyond the scope of venue related issues and is a proverbial fishing expedition. For example, several deposition topics request information on defenses and counterclaims. Such information is not necessary to the resolution of the Motion to Dismiss. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to **ascertain the facts bearing on such issues**.") (emphasis added); *see also Supra* Sect. IV.A.I.

Finally, NCS's deposition notices run afoul of the prohibition against duplicative and unduly burdensome discovery. In fact, the TCO AS Deposition Notice is identical to the one served on Defendant TCO Products. The Federal Rules specifically impose an obligation on courts to limit discovery in this circumstance where the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source. Fed. R. Civ. P. 26(b)(2)(c).

### 4. A Protective Order is Necessary to Protect the TCO Defendants From Undue Burden.

A protective order is necessary to protect TCO Defendants from undue burden. The respondents have already been burdened (and without a protective order will continue to be burdened) by the time and expense of preparing responses and objections to NCS's 18 deposition topics, and corresponding documents requests that are voluminous, overly broad, and duplicative. The TCO Defendants has also been burdened (and without a protective order will continue to be burdened) by the time and expense of responding to communications, and conducting meet-and-confers from NCS demanding duplicative discovery. Finally, TCO Defendants have been burdened with the time and expense of seeking this protective order to protect itself from NCS's harassing litigation tactics.

### 5. NCS's Document Request is Improper.

Rule 30 allows a notice to a party deponent to be accompanied by "a request under Rule 34" to produce documents. Fed. R. Civ. P. 30(b)(2). However, Rule 34 provides a 30-day timetable for a response to the request. Fed. R. Civ. P. 34(b)(2)(A). NCS's request for documents to be produced three days before the deposition (and a mere **four (4)**[3] days after the request) does not comport with the Rules.

### B. The Court Should Stay Venue and Jurisdiction Discovery Pending the Outcome of NCS's Predicate Motion for Alternative Service.

In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *Yeti Coolers, LLC v. Home*

---

[3] The Rule 30(b) (1) Deposition Notice to Steven Cramp provided only two days of notice. *See* Exhibit 1.

11

*Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018). Here, all relevant factors favor a stay pending a decision on the predicate motions.

### 1. A Stay Will Not Prejudice NCS (First Factor).

NCS will not suffer any prejudice if the case is stayed until the Court resolves the predicate motions and scope of discovery dispute. First, the TCO Defendants are seeking a stay of a limited duration, only until the Court rules on NCS's Opposed Motion for Leave to Effect Alternative Service on Defendant TCO AS. Second, a patentee that can "be adequately compensated through a damages remedy" cannot show undue prejudice from a stay, and here NCS seeks only monetary relief. *See NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *5 (E.D. Tex. Mar. 11, 2015) (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). Further, prejudgment interest can be awarded to compensate for any delay in the payment of alleged damages. *See Raytheon Co. v. Samsung Elecs. Co.*, 2016 WL 11639659, at *1 (E.D. Tex. Feb. 22, 2016).

### 2. TCO Defendants Will Suffer Hardship Absent a Stay (Second Factor).

TCO AS is a foreign entity that has not been properly served. Service of process is critical because it establishes that the court hearing the lawsuit has jurisdiction over the defendant. *See O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."). To date, NCS has failed to explain why an entity that has neither been served, nor filed an initial pleading should be subjected to burdensome discovery. Additionally, requiring the TCO Defendants to prepare for and sit through multiple depositions, when a single deposition would be more efficient, forces the TCO Defendants to bear an unfair hardship.

### 3. A Stay Will Conserve Judicial Resources (Third Factor).

A stay pending a decision on NCS's Opposed Motion for Leave to Effect Alternative Service on Defendant TCO AS, and the proper scope of permissible discovery will conserve judicial resources as it eliminates the risk that venue-related discovery will be conducted twice. A stay also will permit the parties to further narrow the scope of the issues as it pertains to venue and will alleviate the burden on this Court from further motion practice. In contrast, NCS's questionable discovery tactics have caused considerable expense and further allowing venue and jurisdiction-related discovery to continue piecemeal would subject both parties to more attorney fees.

## V.   CONCLUSION

For these reasons, TCO Defendants respectfully requests that the Court grant a protective order and stay all venue and jurisdiction related discovery until NCS's Opposed Motion for Leave to Effect Alternative Service on Defendant TCO AS has been decided, and the parties dispute regarding the breadth of permissible discovery has been resolved by the Court. The TCO Defendants also request that the Court quash (i) the Rule 30(b)(6) depositions of TCO Products, Inc., and TCO AS, (ii) the Rule 30(b)(1) deposition notice of Steven Cramp – TCO Products, Inc.'s Managing Director, (iii) confirm that neither the TCO Defendants nor Steven Cramp are required to collect and produce documents and information, as noticed by NCS; and (iv) order that neither the TCO Defendants nor Steven Cramp are required to respond to the pending discovery requests. The TCO Defendants request all other relief to which they may be entitled.

| | |
|---|---|
| Dated: September 17, 2020 | */s/ Jonathan R. Spivey*<br>Jonathan R. Spivey<br>Texas Bar No. 24002989<br>jspivey@polsinelli.com<br>LaTasha M. Snipes<br>Texas Bar No. 24072504<br>tsnipes@polsinelli.com<br>Enes Ovcina<br>*Pro Hac Vice*<br>Illinois Bar No. 6325437<br>New York Bar No. 5096797<br>eovcina@polsinelli.com<br>POLSINELLI, PC<br>1000 Louisiana St., Suite 6400<br>Houston, Texas 77002<br>(713) 374-1600 (Office)<br>(713) 374-1601 (Facsimile) |

**CERTIFICATE OF CONFERENCE**

This is to certify that a good faith effort to confer with counsel for Plaintiff NCS Multistage Inc., in an effort to resolve the dispute without Court action. Counsel for Plaintiff persist in its intent to take a Rule 30(b)(6) deposition of TCO Products, Inc. and TCO AS, a Rule 30(b)(1) deposition of Steven Cramp – Managing Director of TCO Products, Inc., and require the TCO Defendants to produce documents. Thus, Plaintiff opposes the relief requested in this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2020 a copy of the foregoing Motion was electronically filed with the Clerk of the Court, United States District Court for the Western District of Texas and served via CM/ECF upon the counsel of record.

*/s/ Jonathan R. Spivey*
Jonathan R. Spivey

74775316.11