**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:20-cv-00622-ADA |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| TCO AS | § | |
| TCO PRODUCTS INC. | § | |
| ARSENAL INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF NCS'S REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR
LEAVE TO EFFECT ALTERNATIVE SERVICE ON DEFENDANT TCO AS**

TCO Norway does not deny that it has notice of this case, nor does it deny that it has been actively participating in this case.  Its only argument opposing alternative service is that it is entitled to Hague service or otherwise 90 more days to respond under the Rules.  But that is not the law, and it certainly should not be the result considering the games TCO Norway has played with service and its filings in this case, all designed to delay the CMC until next year in favor of its PGR petition.  TCO Norway has been on notice for months.  NCS respectfully requests the Court grant it leave to serve TCO Norway's US counsel to move this case forward.

**a.  TCO Norway does not deny it is in charge and strategically delaying the CMC.**

TCO Norway is the creator of the Accused Product and the primary party in this lawsuit. Dkt. 1 at ¶ 11.  TCO Norway carefully states in its brief that it does not manufacture or resell the Accused Product in the US, but does not deny NCS's allegations in its Complaint that it manufactures and imports equipment into the US that is assembled into the Accused Product and sold in the WDTX.  *Id.*  TCO Norway is controlling the defendants and is responsible for the delays

1

in this case.  TCO Norway admits in its brief that it would only waive Hague service unless NCS gave **all** defendants, including unaffiliated defendant Arsenal Inc., 90 days to respond to the Complaint.  Dkt. 27-3 at 18.  TCO Norway does not deny in its brief that it would only agree to waive translation costs under the Hague if NCS gave both TCO US and Arsenal Inc. 51 days to respond to the Complaint.  *Id.* at 16.  TCO Norway also does not deny that even though more than 60 days have now passed since the filing of the Complaint, it still will not accept service outside of the Hague unless it gets 90 more days to respond to the Complaint (or 150 days total), which would delay the CMC into next year.  Dkt. 27-6 at 1, 3.

TCO Norway's brief also does not deny that it has been actively litigating in this lawsuit to delay it.  It has filed multiple papers in this Court to delay the CMC, including a declaration supporting its jurisdiction and venue objections, a motion to strike the CMC, and a motion for protection on Court-approved venue discovery.  Dkt. 21-1 at ¶ 2; Dkt. 24; Dkt. 28.

TCO Norway has been abusing the service rules and participating in this case to delay the CMC in favor of its PGR petition.  And it is doing so while at the same time saying this Court has no power over it.  This kind of gamesmanship should not be tolerated.

**b.  This Court can and should order service on TCO Norway's US counsel.**

TCO Norway admits that the law does not require NCS to even *attempt* Hague service before moving this Court for alternative service.  Dkt. 33 at 5.  Nor does TCO Norway deny that that this Court has the power under the FRCP and Texas Long-Arm Statute to authorize service on TCO Norway by serving its US counsel the Polsinelli Law Firm.  Fed. R. Civ. P. 4(h)(2); *Terrestrial Comms LLC v. NEC Corp.*, Civ. Action No. 6;19-cv-597-ADA, 2020 WL 3270832, at *5 (W.D. Tex. June 17, 2020); *Richmond Tech., Inc. v. Aumtech Bus. Solutions*, 11-cv-02460-LHK, 2011 U.S. Dist. LEXIS 71269, at *44 (N.D. Cal. July 1, 2011) (J. Albright).  Yet, TCO Norway nevertheless insists that NCS must first show failed service under the Hague or some

extenuating circumstance.  Dkt. 33 at 6.  That is not the law.  Indeed, TCO Norway's brief does not even mention the primary authority cited by NCS in its motion, this Court's recent decision in *Terrestrial*, which held that "seeking to avoid unnecessary delay and expense in serving a foreign defendant through the Hague Convention is a valid reason to grant alternative service…[and] Due process is satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice."  *Terrestrial Comms LLC v. NEC Corp.*, Civ. Action. No. 6:19-cv-597-ADA, 2020 WL 3270832, at *3 (W.D. Tex. June 17, 2020) (J. Albright).  This Court ordered service on the foreign defendant's US counsel in *Terrestrial* because the foreign defendant was "already aware of the pending actions and demands service pursuant to the Hague Convention as a means of creating a procedural hurtle to timely litigation."  *Id.* at *4.  As in *Terrestrial*, TCO Norway does not deny that it has notice of this case.  The only reason it can be insisting on Hague service or otherwise 90 more days to respond is to delay the CMC until next year in favor of its PGR petition.

TCO Norway tries to distinguish this Court's decision in *Affinity* because in that case, the plaintiff did not ask for alternative service until five months after the Complaint was filed, while here NCS has paid for Hague service and it will likely be completed in three to five months.  *Affinity Labs of Tx., LLC v. Nissan N. Am. Inc.*, Civ. Action No. 13-cv-369, 2014 U.S. Dist. WL 11342502, at *1 (W.D. Tex. July 2, 2014).  TCO Norway misses the fundamental holding in *Affinity*, which prevent foreign defendants from abusing the service rules to create unnecessary delays.  In *Affinity*, the plaintiff sued a foreign entity and its domestic subsidiary.  *Id.*  The plaintiff served the domestic entity, and then asked the Court for alternative service as to the foreign parent company five months later.  *Id.*  The defendant argued that plaintiff must attempt service under the Hague first, but the Court disagreed, stating that "courts have frequently cited delays in service

under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *Id.* at *3.  The Court ordered alternative service because the companies were related, were represented by the same US counsel, and service through the US counsel was reasonably certain to provide the foreign entity with notice.  *Id.* at *4.

This case is no different.  NCS has sued TCO Norway and its subsidiary TCO US, who are both represented by the Polsinelli Firm.  TCO Norway does not deny that it has notice of the case, such that at this point, service is a mere formality.  Just as in *Affinity*, service on the Polsinelli Firm will satisfy the service requirements, and prevent any more delays of the CMC.

Similarly, TCO Norway attempts to distinguish the *Richmond Techs.*, a N.D. Cal. case cited by this Court, because in that case it would have taken six to eight months to complete Hague service while in this case it will take three to five months.  Dkt. 33 at 8.  This argument is meritless and again misses the point.  Like *Affinity*, the California court held that "[s]ervice upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)." *Richmond Tech., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-2460, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011).  The court ordered service on the foreign defendant's counsel because the foreign defendant already had actual notice of the case and the US counsel was already representing them in the litigation to contest jurisdiction and substitute service.  *Id.*.  Just like in *Richmond Techs.*, TCO Norway has actual notice of the case and its US counsel the Polsinelli Firm is already representing it in this case, including by filing on its behalf a declaration supporting its jurisdiction and venue objections, a motion to strike the CMC, and a motion for protective order against Court-approved venue discovery.

Rather than follow its own precedent, TCO Norway asks this Court to adopt the framework set forth in *Hazim*, a S.D. Tex. case, and *Codigo*, a S.D. Fla. Case.  Dkt. 33 at 6-7.  But these non-

precedential cases do not mandate Hague service, and they are also easily distinguished.  In *Hazim*,

Judge Rosenthal noted that "there is no requirement that a party first exhaust the methods of service

contemplated in Rules 4(f)(1) and 4(f)(2) before requesting alternative service under Rule 4(f)(3)."

*Hazim v. Schiel & Denver Book Group*, No. H-12-1286, 2012 WL 12894747, at *1 (S.D. Tex. July

18, 2012).  But the court did not order alternative service because the record only revealed that the

Plaintiff had made one attempt to serve the foreign defendants by mailing summons to their foreign

law firm, and there was no evidence that the law firm received the mailing.  *Id.* at *2.  Similarly,

in *Codigo*, the court found that the plaintiff need not demonstrate failed service under the Hague

in order to invoke alternative service, as "service through Rule 4(f)(3) is not considered a last resort

or extraordinary relief."  *Codigo Music, LLC v. Televisa S.A. De C.V.*, No. 15-cv-21737, 2017 WL

436968, at *7 (S.D. Fla. Sep. 29, 2017).  However, the court declined to order the defendant's

domestic counsel to accept service because there was no indication the defendant was evading

service.  *Id.* at *6.  Notably, the *Codigo* court recognized that numerous courts around the US

permit service on domestic counsel where "the defendant had actual notice of the lawsuit and

concluded that such notice would satisfy any due process concerns."  *Id.* at *11.

   *Hazim* and *Codigo* do not say a plaintiff must attempt and fail Hague service before

requesting alternative service.  More importantly, *Hazim* and *Codigo* lack the extraordinary record

in this case that warrants alternative service.  Unlike in *Hazim* and *Codigo*, here, TCO Norway has

been on notice of the allegations in this suit since December 2019, its Norwegian CEO has come

to Texas to negotiate a resolution of the case for all parties, its US law firm the Polsinelli Firm is

litigating on its behalf and its subsidiaries behalf, it has been playing games with Hague service to

delay the CMC for all defendants, and it has been filing papers in this case to delay the CMC, all

obviously in an effort to favor its PGR petition.

**c. Alternative service will promote judicial economy.**

TCO Norway does not dispute that alternative service will promote judicial economy.  It merely argues that the delays in this case are supposedly NCS's fault, because it could have moved this case more quickly had it conceded to TCO Norway's demand that all Defendants in the case, including the unaffiliated Arsenal Inc., receive 90 days of time to respond to the Complaint.  NCS should not have to concede to an abuse of the service rules to move this case forward expeditiously.  Undoubtedly, alternative service will promote judicial economy as it will progress this case towards a CMC within a matter of weeks.  Moreover, alternative service can also promote judicial economy as issues in this case could be consolidated with the *Nine Energy* case in this Court concerning the same patent, which is currently in the claim construction phase.

Dated: October 2, 2020

Respectfully submitted,

*/s/ Domingo M. LLagostera*
**Domingo M. LLagostera**
(*Attorney-in-charge*)
State Bar No. 24070157
Tel.: (713) 632-8682
Fax: (713) 228-6605
DLLagostera@BlankRome.com
**Russell T. Wong**
State Bar No. 21884235
RWong@blankrome.com
Tel.: (713) 632-8634
Fax: (713) 228-6605
717 Texas Avenue, Suite 1400
Houston, TX 77002

**ATTORNEYS FOR PLAINTIFF NCS
MULTISTAGE INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record were electronically served with a

copy of the foregoing on October 2, 2020 via the Court's ECF system.

*/s/ Domingo M. LLagostera*
Domingo M. LLagostera
