IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § | |
| NCS MULTISTAGE LLC., | § | |
| | § | CIVIL ACTION NO. 6:20-cv-00622 |
| Plaintiffs, | § | |
| vs. | § | |
| | § | |
| TCO AS, | § | |
| | § | |
| Defendant. | § | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs NCS Multistage Inc. and NCS Multistage LLC (collectively "NCS" or "Plaintiffs"),

by and through their undersigned counsel, hereby bring their Complaint for Patent Infringement

against Defendant TCO AS ("TCO Norway").

### NATURE OF THE ACTION

1.       This is an action for patent infringement.  NCS alleges that TCO Norway

infringes the following NCS Patent, which is attached hereto as **Exhibit A**:

- U.S. Patent No. 10,465,445 ("the '445 Patent")

2.       NCS alleges that TCO Norway infringes the '445 Patent by inducing its U.S.

subsidiary and manufacturing arm in Texas, TCO Products Inc. ("TCO US"), to make, use, offer

for sale, and/or sell the TDP-PO (Pump Open – Casing and Tubing Floating Device) (hereafter

"TDP-PO Floating Device") in the United States, and by encouraging its United States customers

to use the TDP-PO Floating Device to perform infringing floatation methods. **REDACTED**

**REDACTED**

**REDACTED** NCS seeks

**FILED UNDER SEAL - CONFIDENTIAL [AEO]**

damages, injunctive, and other relief for TCO Norway's infringement of the '445 Patent.

## THE PARTIES

3.     Plaintiff NCS Multistage Inc. is a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1.

4.     Plaintiff NCS Multistage LLC is a Texas corporation with a place of business at 19350 State Highway 249, Suite 600, Houston, TX 77070.

5.     Upon information and belief, Defendant TCO Norway is a Norwegian company with a principal place of business at Storaneset 20, PO Box 23, 5260 Indre Arna, N-5888, Bergen, Norway.

## JURISDICTION AND VENUE

6.     This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*.  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.     **REDACTED**

**REDACTED**

2

**FILED UNDER SEAL - CONFIDENTIAL [AEO]**

REDACTED

8.      Alternatively, this Court has personal jurisdiction over TCO Norway pursuant to Fed. R. Civ. P. 4(k)(2).

9.      The allegations in paragraphs 7-8 are incorporated by reference as though fully set forth herein.  Venue is proper in this district under 28 U.S.C. §§ 1391.  As a foreign defendant, TCO Norway may be sued in any judicial district in the United States.  28 U.S.C. § 1391(c)(3).

## BACKGROUND

### A.  NCS

10.      NCS is a leading technology and service company that specializes in multistage well completions.  NCS Multistage Inc. initially formed in Canada in 2006 as NCS Oilfield Services and began developing downhole completion tools for conventional and unconventional completions.   In 2008, NCS Multistage Inc. incorporated NCS Multistage LLC in Houston,

3

**FILED UNDER SEAL - CONFIDENTIAL [AEO]**

Texas as a world headquarters.  Today, NCS has 20 offices in the U.S. and Canada, and operates in Argentina, China, Russia, the Middle East and the North Sea, with a record of over 10,000 field successes.

11.    NCS is an expert in developing downhole tools like its AirLock® buoyancy system, a "casing float tool" covered by the '445 Patent.  NCS marks its AirLock® system with the web address of its patent notice which contains the '445 Patent number.  As a casing string is run into the horizontal portion of a wellbore the casing string can drag on the bottom of the wellbore due to its weight and gravity.  This makes it challenging to run the casing to the target zone.  The AirLock® system is designed to create buoyancy in the casing string, so that the string is lighter and it is easier to run the casing into the wellbore.  This is called "floating the casing" into the wellbore.  Below is a picture of the patented Airlock® system.



12.    The AirLock® system (above in green) is a tubular body attached to the casing string (above in grey).  Within the tubular is a rupture disc (above in white).  In use, the portion

4

FILED UNDER SEAL - CONFIDENTIAL [AEO]

of the casing string above the rupture disc is filled with fluid.  The portion of the casing string below the rupture disc is filled with air, which creates buoyancy in the lower portion of the string.  This enhanced buoyancy reduces sliding friction up to 50% while the enhanced weight of the vertical section provides the force needed to push the string all the way to the toe of the well.  After the casing string is run to the target zone, hydraulic pressure is applied from the surface, which causes the rupture disc to disengage from the tubular walls and shatter.  This process restores the internal diameter of the casing string so that fluid can freely flow through the casing string.   The AirLock system has been a big commercial success with more than 9,000 AirLock systems installed and used to land casing on more than 99.9% of first attempts.

13.     NCS invests substantial resources in innovation and the protection of its valuable intellectual property.  To date, NCS has approximately 51 issued patents worldwide, including the '445 Patent that covers its AirLock® System, and 98 pending patent applications.

### B.  TCO NORWAY

14.     Upon information and belief, TCO Norway is a Norwegian oil and gas services company.  TCO Norway offers for sale through its website, www.tcogroup.com, various oil and gas equipment, including the infringing TDP-PO Floating Device.  (*See* http://www.tcogroup.com/tdp-po/category52.html; http://www.tcogroup.com/case-studies/tco-tdp-po-pump-open-plug-eliminating-slick-line-operations-in-highly-deviated-wells-article397-72.html).  An image of the TDO-PO Floating Device from TCO Norway's marketing materials is depicted below.

**FILED UNDER SEAL - CONFIDENTIAL [AEO]**



15.     According to TCO Norway's marketing materials, the TDP-PO Floating Device is a casing floatation device, creating buoyancy in the casing string that makes it easier to run casing through the horizontal portion of a wellbore.  The TDP-PO Floating Device is a tubular body that has a glass barrier disc.  After the casing is landed in the target zone, the glass barrier is ruptured by applying hydraulic pressure from the surface, which restores the internal diameter of the casing string.

*C.  NCS Notifies TCO of Infringement Concerns in December 2019*

16.     On December 17, 2019, NCS' counsel sent a letter to Nils-Petter Sivertsen, Chief Executive Officer for TCO Norway, notifying TCO Norway of the '445 Patent and NCS' concern that its TDP-PO Floating Device infringed the '445 Patent.  The letter included a claim chart demonstrating how the TDP-PO Floating Device met a claim of the '445 Patent. Mr. Sivertsen traveled to Houston, TX in January 2020 to attempt to resolve the issue, but that was unsuccessful.

**COUNT 1: INFRINGEMENT OF THE '445 PATENT**

17.     The allegations of paragraphs 1-16 of this Complaint are incorporated by reference as though fully set forth herein.

**FILED UNDER SEAL - CONFIDENTIAL [AEO]**

18.     NCS Multistage Inc. owns by assignment the entire right, title, and interest in the '445 Patent.

19.     NCS Multistage LLC is the exclusive licensee of the '445 Patent.

20.     The '445 Patent was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019 and is entitled "Casing Float Tool." A true and correct copy of the '445 Patent is attached hereto as **Exhibit A**.

21.     The '445 Patent is valid and enforceable under the laws of the United States.

22.     TCO Norway has indirectly infringed and is indirectly infringing at least claims 14-15, 22-25, 27-29, 36-43, 46, 50-53, and 55-57 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.* With knowledge of the '445 Patent, TCO Norway has induced and/or is inducing its subsidiary TCO US in Katy, Texas to directly infringe the '445 Patent by directing, causing, instructing and/or encouraging TCO US to manufacture or assemble the infringing TDP-PO Floating Device. For example, as shown in the claim chart attached hereto as **Exhibit B**, the TDP-PO Floating Device meets every element of claims 14-15, 22-25, 27-29, 36-43, 46, 50-53, and 55-57 either literally or under the doctrine of equivalents. REDACTED

REDACTED

REDACTED Additionally, TCO Norway has induced and/or is inducing US customers to use the TDP-PO Floating Device to perform infringing floatation methods. For example, TCO Norway

**FILED UNDER SEAL - CONFIDENTIAL [AEO]**

advertises to customers on its website, www.tcogroup.com, that its TDP-PO Floating Device can be installed on casing and run into a well with the casing.  A rupture disc in the device creates buoyancy so that the casing can be floated to the target zone.  TCO Norway advertises that once its customers run the casing to the target zone, they can apply pressure to rupture the rupture disc in TDP-PO Floating Device, which restores the casing diameter.

23.    TCO Norway has contributed and is contributing to infringement of at least claims 14-15, 22-25, 27-31, 36-43, 46, 50-53, and 55-57 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.*  **REDACTED**

**REDACTED**

**REDACTED**  TCO Norway advertises the TDP-PO Floating Device to US customers as a device that can be used to float casing, and sells the device for that purpose.

24.    TCO Norway's infringement of the '445 Patent has been and continues to be willful and deliberate.  Upon information and belief, TCO Norway has been on notice of its infringement of the '445 Patent since at least December 17, 2019, when NCS' counsel notified Mr. Petters of the '445 Patent and NCS' concerns about the infringing TDP-PO Floating Device.  However, upon information and belief, TCO Norway continues to instruct and direct its Texas subsidiary to make and sell infringing devices and continues to ship components to its Texas subsidiary that are assembled into the accused device for domestic sales, despite a known or obvious risk of infringement of the '445 Patent.

25.    As a result of TCO Norway's acts of infringement, NCS has suffered and will continue to suffer damages in an amount to be proved at trial.

**FILED UNDER SEAL - CONFIDENTIAL [AEO]**

## PRAYER FOR RELIEF

WHEREFORE, NCS prays for the following relief:

A.      A judgment that TCO Norway has infringed the '445 Patent;

B.      An order enjoining TCO Norway, its officers, agents, employees, and those persons in active concert or participation with any of them, and TCO Norway's successors and assigns, from continuing to infringe the '445 Patent;

C.      An order awarding NCS its damages pursuant to 35 U.S.C. § 284;

D.      An order finding that TCO Norway's infringement has been willful and increasing the damages awarded to NCS to three times the amount assessed pursuant to 35 U.S.C. § 284;

E.      An order finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and awarding NCS its attorneys' fees;

F.      An order awarding NCS prejudgment and post-judgment interest on its damages;

G.      An order awarding NCS its costs;

H.      An order awarding NCS any other and further relief as the Court deems proper.

Dated:  January 21, 2021            Respectfully submitted,

BLANK ROME LLP

/s/ Domingo M. LLagostera

**Domingo M. LLagostera**
(Attorney-in-charge)
State Bar No. 24070157
Tel.: (713) 632-8682
Fax: (713) 228-6605
DLLagostera@BlankRome.com
**Russell T. Wong**
State Bar No. 21884235
RWong@blankrome.com

9

**FILED UNDER SEAL - CONFIDENTIAL [AEO]**

Tel.: (713) 632-8634
Fax: (713) 228-6605
717 Texas Avenue, Suite 1400
Houston, TX 77002
**Munira A. Jesani**
State Bar No. 24101967
MJesani@blankrome.com
Tel.: (713) 632-8682
Fax: (713) 228-6605
717 Texas Avenue, Suite 1400
Houston, TX 77002

**S. Gregory Herrman** *[admitted pro hac vice]*
Blank Rome LLP
gherrman@blankrome.com
1825 Eye Street NW
Washington, D.C. 20006
Tel: (202) 420-4793
Fax: (202) 379-9131

*Attorneys for Plaintiff NCS Multistage Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were  served with a copy of the

foregoing on January 21, 2021 via Email.

/s/ Domingo M. LLagostera
Domingo M. LLagostera

10

**FILED UNDER SEAL - CONFIDENTIAL [AEO]**