# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § | |
| NCS MULTISTAGE LLC., | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 6:20-cv-00622-ADA |
| | § | |
| | § | |
| | § | |
| | § | |
| v. | § | |
| TCO AS, | § | |
| Defendant. | § | |

## DEFENDANT TCO AS'S OPPOSED MOTION TO TRANSFER
## FOR *FORUM NON CONVENIENS*

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................ 2

III. LEGAL STANDARD ........................................................................................................ 3

IV. ARGUMENTS: ALL FACTORS ARE NEUTRAL OR FAVOR TRANSFER ................ 5

    A. Plaintiff Could Have Brought This Action in Houston ......................................... 5

    B. The Southern District of Texas is a Clearly More Convenient Forum .................. 5

        1. The Private Factors Favor Transfer .......................................................... 5

            a. The Relative Ease of Access to Sources of Proof: The Vast Majority of Evidence is Available in Houston, Weighing In Favor of Transfer .......................................................................... 5

            b. The Availability of Compulsory Process to Secure the Attendance of Witnesses: Non-Party Witness Is Within the Absolute Subpoena Power of the Southern District of Texas, Weighing In Favor of Transfer. ........................................... 6

            c. Cost of Attendance for Willing Witnesses: The Cost and Convenience of the Witnesses Strongly Weighs in Favor of Transfer. .................................................................................. 7

            d. All Other Practical Problems: Neutral Factor ............................... 8

        2. The Public Factors Favor Transfer ........................................................... 9

            a. The Administrative Difficulties Flowing From Court Congestion: Court Resolution Times in SDTX are Marginally Faster, Slightly Favoring Transfer .............................. 9

            b. The Local Interest in Having Localized Interests Decided at Home: The Jurors in Houston Have A Substantial Local Interest In This Case, Weighing In Favor of Transfer. ................. 10

            c. The Familiarity of the Forum with the Law That Will Govern the Case: SDTX and WDTX are Equally Deft in Applying Federal Patent Law ....................................................... 11

            d. The Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law: The Case Does Not Involve Application of Foreign Law..................................... 11

V.  CONCLUSION ................................................................................................... 11

77763384.3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*,
No. A-09-CA-773-LY, 2010 WL 1170976 (W.D. Tex. Mar. 23, 2010)
(Andrew, J.) .................................................................................................................... 7

*Action Indus., Inc. v. U.S. Fid & Guar. Co.*,
358 F.3d 337 (5th Cir. 2004) ............................................................................................ 4

*Adaptix, Inc. v. HTC Corp.*,
937 F. Supp. 2d 867 (E.D. Tex. 2013) .............................................................................. 7

*In re Adobe Inc.*,
No. 2020-126, 2020 WL 4308164 (Fed. Cir. July 28, 2020) ....................................... 3, 10

*In re Amended Jury Plan*,
Order 2013-06 ................................................................................................................ 10

*DataQuill, Ltd. v. Apple Inc.*,
No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ........................... 5

*DataScape, Ltd. v. Dell Techs., Inc.*,
No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019)
(Albright, J.) ............................................................................................................... 4, 10

*DynaEnergetics Europe GMBH v. Hunting Titan, Inc.*,
6:20-CV-00069-ADA, 2020 WL 3259807 (W.D. Tex. June 16, 2020)
(Albright, J.) ................................................................................................................. 4, 7

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) ............................................................................... 3, 6, 10

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
No. 1:14-CV-464-LY, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) ....................... 10

*Moskowitz Family LLC v. Globus Medical, Inc.*,
No. 6:19-cv-00672-ADA, slip op. (W.D. Tex. Jul. 2, 2020) (Albright, J.) ................... 4, 7

*NCS Multistage, Inc. v. Allamon Tool Company, Inc.*,
Civil Action No. 6-20-cv-00699-ADA ............................................................................ 9

*NCS Multistage, Inc. v. Nine Energy Service, Inc.*,
Civil Action No. 6-20-cv-00277-ADA ............................................................................ 9

77763384.3

*NCS Multistage, Inc. v. Packers Plus Energy Services, Inc., et al.*,
   Civil Action No. 6-20-cv-00700-ADA ...................................................................................9

*NCS Multistage, Inc. v. Permian Petrolink, LLC.*,
   Civil Action No. 6-20-cv-00701-ADA ...................................................................................9

*NCS Multistage, Inc. v. Summit Casing Services, LLC*,
   Civil Action No. 6-20-cv-00735-ADA ...................................................................................9

*NCS Multistage, Inc. v. TCO Products, Inc., et al.*,
   Civil Action No. 6-20-cv-00622-ADA ...................................................................................9

*NCS Multistage v. Nine Energy Serv., Inc.*,
   No. 6:20-CV-00277-ADA, 2021 WL 1199623 (W.D. Tex. Mar. 30, 2021) .............................8

*In re TracFone Wireless, Inc.*,
   No. 2021-136, 2021 WL 1546036 (Fed. Cir. Apr. 20, 2021) ...................................................5

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)..............................................................................................11

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964).................................................................................................................3

*VLSI Tech. LLC v. Intel Corp.*,
   No. 6:19-CV-000254-ADA, 2019 WL 4254065 (W.D. Tex. Aug. 6, 2019)
   (Albright, J.)............................................................................................................................4

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) .................................................................................................10

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ........................................................................................3, 4, 5, 6

*Wet Sounds, Inc. v. Audio Formz, LLC*,
   No. A-17-CV141-LY, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017) ....................................6

**Statutes**

28 U.S.C. § 1404(a) ..................................................................................................................1, 3, 5

28 USC § 1391(c)(3).........................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A) ..............................................................................................................7

U.S. Patent No. 10,465,445................................................................................................ *passim*

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1404(a), Defendant TCO AS ("TCO AS") respectfully moves the court to transfer this lawsuit[1] filed by Plaintiffs NCS Multistage, Inc. and NCS Multistage, LLC (collectively, "NCS") to the Houston Division of the Southern District of Texas ("SDTX"). Per the Scheduling Order (Dkt. 45), the deadline for motions to transfer is two (2) weeks after the Court's ruling on the pending TCO AS Motion to Dismiss (Dkt. 57). TCO AS's motion to transfer is within the deadline set forth in the Scheduling Order, and TCO AS maintains its legal arguments presented in Dkt. 57. Should the Court rule that TCO AS is subject to personal jurisdiction in Texas and venue is proper in WDTX, the motion to transfer sets forth the legal basis supporting why the Southern District of Texas is a more convenient forum for this case.

Plaintiff NCS Multistage LLC's worldwide headquarters are located in Houston, Texas. Plaintiff NCS Multistage, Inc., is only a holding company (and purported exclusive licensee of the '445 Patent) which, through its subsidiaries, provides products and support services to oil and natural gas operators. *See* Dkt. 50, FAC, ¶ 4; *see also* https://www.ncsmultistage.com/about/#top. Similarly, TCO Products Inc., a subsidiary of TCO AS is headquartered in Katy, Texas (a suburb of Houston). *See* Dkt. 40-2 (August 31, 2020 Decl. of Steven Cramp) at ¶ 4. This is critical because TCO Products, not TCO AS, markets and sells the TDP-PO (Pump Open – Casing and Tubing Floating Device) (the "Accused Product"), and is responsible for providing instructions regarding the manufacturing and assembly of the Accused Product. *See Id*. at ¶ 9-11. NCS's indirect infringement allegations against TCO AS hinge on the alleged direct infringement of the '445 Patent by TCO Products.

---

[1] TCO AS's Motion to Dismiss (Dkt. 57) is fully briefed and awaiting the Court's ruling on whether: (1) TCO AS is subject to personal jurisdiction, (2) venue in this forum is improper, and (3) NCS has failed to state a claim for which relief may be granted.

1

Further, because TCO Products and Plaintiffs are headquartered in the Houston area, it is expected that nearly all party witnesses either live in the Houston area or regularly travel there. Additionally, the majority of the relevant information regarding the claims and defenses is available in the Houston area. Dkt. 40-2 at ¶ 9. Accordingly, litigating Plaintiffs' claims as it pertains to TCO AS would be significantly more convenient for the parties and witnesses in Houston as opposed to Waco.

## II.    FACTUAL BACKGROUND

On July 9, 2020, NCS filed its Original Complaint for Patent Infringement ("Original Complaint"), alleging TCO AS, TCO Products, (collectively, the "TCO Defendants") and Arsenal Inc. ("Arsenal") directly and indirectly infringed U.S. Patent No. 10,465,445 (the "'445 Patent"). *See generally*, Dkt. 1. The TCO Defendants moved to dismiss the Original Complaint for improper venue (TCO Products), and lack of personal jurisdiction, improper venue, and failure to state a claim (TCO AS). *See* Dkt. 40. After conducting extensive venue/jurisdictional discovery, NCS dismissed its allegations against the alleged direct infringer (TCO Products). *See* Dkt. 46.

In an attempt to remedy its failed venue arguments, NCS subsequently filed its First Amended Complaint for Patent Infringement (the "FAC") only asserting that TCO AS is liable for indirect infringement of the '445 Patent by (1) inducing TCO Products to make, use, offer for sale, and/or sell the Accused Product in the U.S., (2) encouraging US customers of the TDP-PO to perform infringing methods, and (3) contributorily infringing by shipping to Texas a component that is specially made to assembled into the TDP-PO.  *See* Dkt. 50.

However, the evidence and record developed thus far demonstrate that even with NCS's FAC, SDTX is the proper and more convenient forum to litigate this case.  Neither TCO Products nor TCO AS have an office or employees in the Western District of Texas. *See* Dkt. 40-2 at ¶ 9.

2

Neither TCO AS nor TCO Products own or lease property in the Western District of Texas. *Id.* at ¶ 6; Ex. 2, Jan. 6 Cramp Corp. Dep. at 39:14-23; 44:5-6. The last time that TCO Products received marketing/sales support from TCO AS was in 2017, when TCO Products attended an industry conference. Ex. 2, Jan. 6 Cramp Corp. Dep. at 89:6-25.  TCO AS does not anticipate evidence relevant to the claims and defenses to be located in the WDTX.  These are only a few examples of facts established through venue/jurisdictional discovery.  As such, there is no localized interest in favor of keeping this case in Waco.  Plaintiffs appear to have filed this case in the WDTX given this division's ability to dispose of patent cases more quickly than other jurisdictions. However, the Federal Circuit in *In Re Adobe* recently explained that when several factors favor transferring and nothing else favors retaining the case in the WDTX, retaining the case in the WDTX is not convenient for the parties, and is not in the interest of justice or proper administration.  *See In re Adobe Inc.*, No. 2020-126, 2020 WL 4308164 (Fed. Cir. July 28, 2020) (citing *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009)).  Similar to *In Re Adobe*, the factors strongly weigh in favor of transferring the case to the Houston division of the SDTX as none of the factors favor retaining the case in the WDTX.

### III.   LEGAL STANDARD

Section 1404(a) empowers courts to "prevent plaintiffs from abusing their privilege [under the relevant venue statute] by subjecting defendants to venues that are inconvenient . . . ." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) ("*Volkswagen II*"). The moving party carries the burden of showing transfer is appropriate. *Id. at* 314. Transfers for convenience prevent the waste of time, energy, and money that would occur by trying a case in a forum distant from co-located litigants. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If this requirement is met, "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The eight factors in the Fifth Circuit (the *Volkswagen* factors) include four private factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The Fifth Circuit also looks to four public factors, which include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

"A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue." *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, 2019 WL 4254065, at *12 (W.D. Tex. Aug. 6, 2019) (Albright, J.) (citing *Volkswagen II,* 545 F.3d at 314 n.10, 315). Ultimately, where an action could have been brought and the transferee venue is "clearly more convenient," a motion to transfer should be granted. *DataScape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019) (Albright, J.). Where, as here, the litigants are located near each other, yet remote from the forum, this court has not hesitated to transfer the case to a more convenient, and logical, venue. *See Moskowitz Family LLC v. Globus Medical, Inc.*, No. 6:19-cv-00672-ADA, slip op. at 13 (W.D. Tex. Jul. 2, 2020) (Albright, J.); *DynaEnergetics*

*Europe GMBH v. Hunting Titan, Inc.*, 6:20-CV-00069-ADA, 2020 WL 3259807, at *10 (W.D. Tex. June 16, 2020) (Albright, J.). Indeed, the Fifth Circuit "requires that when a movant clearly demonstrate[s] that a transfer is [f]or the convenience of parties and witnesses, [and] in the interest of justice, the district court should grant transfer." *In re TracFone Wireless, Inc.*, No. 2021-136, 2021 WL 1546036, at *2 (Fed. Cir. Apr. 20, 2021).

Here, *all* of the *Volkswagen* factors either weigh in favor of transfer or are neutral. Not one weighs in favor of keeping this case in Waco. It is therefore clear that if TCO AS is subject to Plaintiff's claims in Texas, the suit should be transferred to the Houston Division of the Sothern District of Texas.

## IV.   ARGUMENTS: ALL FACTORS ARE NEUTRAL OR FAVOR TRANSFER

### A. Plaintiff Could Have Brought This Action in Houston

As part of the transfer analysis, courts look to see if suit could have been brought in the destination venue. *Volkswagen II*, 545 F.3d at 315; 28 U.S.C. § 1404(a). As a foreign entity, TCO AS could be amenable to suit in any judicial district where personal jurisdiction is proper. 28 USC § 1391(c)(3). Accordingly, should the Court ultimately rule that TCO AS is subject to personal jurisdiction in Texas, NCS's action could have been filed in SDTX.

### B. The Southern District of Texas is a Clearly More Convenient Forum

#### 1. The Private Factors Favor Transfer

##### a. The Relative Ease of Access to Sources of Proof: The Vast Majority of Evidence is Available in Houston, Weighing In Favor of Transfer

Because nearly all evidence is accessible from Houston, the first factor strongly weighs in favor of transfer. In patent infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer, and therefore the location of the defendant's documents tends to be the more convenient venue." *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201,

at *3 (W.D. Tex. June 13, 2014) (quotations omitted); *Volkswagen II*, 545 F.3d at 316. "[D]espite technological advances that make the physical location of documents less significant, the location of sources of proof remains a meaningful factor in the analysis." *Wet Sounds, Inc. v. Audio Formz, LLC*, No. A-17-CV141-LY, 2017 WL 4547916, at *2 (W.D. Tex. Oct. 11, 2017), report and recommendation adopted, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018) (quotations omitted)); *Moskowitz*, slip op. at 4 (citing *Volkswagen II*, 545 F.3d at 316).

TCO Products, the party NCS alleges is the direct infringer of the '445 Patent, is headquartered in Katy (a suburb of Houston) and has possession, custody, and control over the bulk of relevant documents for this case. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); Dkt. 40-2 at ¶ 9. Those documents either reside or are accessible from TCO Products's headquarters in the Houston area, which is approximately 25 miles from the federal court in Houston. *Id*. All sales and financial information pertaining to the Accused Product are available at TCO Product's headquarters in the Houston area. *Id*. In contrast, TCO Products's headquarters is approximately 170 miles from the Court in Waco. Ex. 3. Additionally, the TCO AS drawings, which have not already been produced to NCS as part of the TCO PGR Petition, are third party hosted through a Cloud-based interface, and can be collected and produced electronically via access through the Cloud-based interface.

      **b. The Availability of Compulsory Process to Secure the Attendance of Witnesses: Non-Party Witness Is Within the Absolute Subpoena Power of the Southern District of Texas, Weighing In Favor of Transfer.**

Thus far, TCO AS has identified one potential non-party witness, Travis Harris, one of the named inventors of the '445 Patent. He is solely within the absolute subpoena power of the Houston division of SDTX, and therefore the second factor weighs in favor of transfer. "Transfer is favored when a transferee district has *absolute* subpoena power over a greater number of non-

party witnesses." *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013) (emphasis added). The Fifth Circuit has held that a court does not enjoy absolute subpoena power unless it possesses subpoena power for *both* depositions *and* trial. *Volkswagen II*, 545 F.3d at 316. This power only exists over individuals who reside, employed, or regularly transact business in person within 100 miles of the court. Fed. R. Civ. P. 45(c)(1)(A).

Further, Travis Harris is the only inventor of the '445 Patent residing in the United States is. *See* Ex. 4 (printout from Mr. Harris's LinkedIn profile). Mr. Harris resides in Houston, and is not an employee of Plaintiff. *Id.* Given his residence, he is not subject to the absolute subpoena power of WDTX. He is, however, subject to the absolute subpoena power of the Houston division of SDTX.

    **c. Cost of Attendance for Willing Witnesses: The Cost and Convenience of the Witnesses Strongly Weighs in Favor of Transfer.**

The convenience of attendance for witnesses is the "single most important factor" in a transfer analysis. *DynaEnergetics*, 2020 WL 3259807, at *7 (citing *In re Genentech*, 566 F.3d at 1343). The Fifth Circuit has established a "100-mile" rule, asserting that "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404 is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* "The Court considers the cost of attendance for party and non-party witnesses but gives the cost of attendance of non-party witnesses considerably more weight." *Moskowitz*, slip. op. at 6 (citing *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010) (Andrew, J.)).

Here, the venue/jurisdictional discovery, including Mr. Cramp's deposition testimony, establish TCO Products has exercised exclusive responsibility for processing all U.S. sales and distribution of the TDP-PO in the U.S., since early 2015. TCO AS has not shipped a single accused

product to Texas since early 2015. (Ex. 2, Jan. 6 Cramp Corp. Dep. at 59:3-9; *see also* Ex. 1, Jan. 7 Cramp Corp. Dep. at 216:17-217:7; 220:3-6). Further, TCO AS has no role in manufacturing the TDP-PO for U.S. customers. (Ex. 2, Jan. 6 Cramp Corp. Dep. at 91:9-11). Accordingly, TCO Products will have access to the most relevant information regarding the Accused Product. Similarly, NCS Multistage, LLC, is headquartered in the Houston area, and most of its relevant witnesses work and reside in the Houston area, which is about 160 miles from Waco. *See* Ex. 5; *see also* Dkt. 50 at ¶ 4. Indeed, a 100-mile radius from Waco extends only to Navasota, TX, placing the entirety of the Houston metropolitan area beyond the 100-mile presumptive convenient distance to travel. Ex. 6. Additionally, though the majority of witnesses are located in the Houston area, some party witnesses hale from other countries, such as Canada and Norway. As such, these witnesses are travelling regardless of where the trial takes place. However, this Court has previously recognized that Houston is a far more convenient location for such witness. See *NCS Multistage v. Nine Energy Serv., Inc.*, No. 6:20-CV-00277-ADA, 2021 WL 1199623, at *3 (W.D. Tex. Mar. 30, 2021) (the "…convenience of an airport hub in Houston cannot be denied.").

Further, as stated above, non-party Mr. Harris would also have to travel nearly 400 miles and spend over six hours roundtrip driving to Waco to attend trial. See Ex. 7 (map of relevant areas). This substantial cost, time, and inconvenience to non-party witness is unnecessary and avoidable by transferring the case to Houston.

### d.  All Other Practical Problems: Neutral Factor

The fourth factor—other practical problems that make trial of a case expeditious and inexpensive—is neutral because this case remains in its relatively early stages. There is therefore no private efficiency advantage gained by trying this case in W.D. Tex. versus S.D. Tex. Importantly, this case is still in its infancy, and awaiting the Court's ruling on TCO AS's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim.

NCS has filed seven suits in the W.D. Tex. asserting the '445 Patent, which includes this case, but thus far only one suit has reached any substantive point – the case against Nine Energy. Indeed, the only other case involving an answer in response to a NCS complaint was the case against Permian Petrolink, but a dismissal notice soon followed the answer.

| Cases | Filed On | Terminated |
|---|---|---|
| *NCS Multistage, Inc. v. Nine Energy Service, Inc.*, Civil Action No. 6-20-cv-00277-ADA | 04-08-2020 | |
| *NCS Multistage, Inc. v. TCO Products, Inc., et al.*, Civil Action No. 6-20-cv-00622-ADA | 07-09-2020 | |
| *NCS Multistage, Inc. v. Allamon Tool Company, Inc.*, Civil Action No. 6-20-cv-00699-ADA | 07-30-2020 | 12-12-2020 |
| *NCS Multistage, Inc. v. Packers Plus Energy Services, Inc., et al.*, Civil Action No. 6-20-cv-00700-ADA | 07-30-2020 | 12-11-2020 |
| *NCS Multistage, Inc. v. Permian Petrolink, LLC.*, Civil Action No. 6-20-cv-00701-ADA | 07-30-2020 | 10-29-2020 |
| *NCS Multistage, Inc. v. Summit Casing Services, LLC*, Civil Action No. 6-20-cv-00735-ADA | 08-13-2020 | 09-23-2020 |

Furthermore, NCS's litigation against Nine Energy is much further along than the present lawsuit, and neither party has sought to consolidate these two cases. Thus, the pendency of one related case in the W.D. Tex. is not determinative in the transfer analysis, and transferring this case to SDTX would not result in any inefficiency.

### 2. The Public Factors Favor Transfer

#### a. The Administrative Difficulties Flowing From Court Congestion: Court Resolution Times in SDTX are Marginally Faster, Slightly Favoring Transfer

The "administrative difficulties flowing from court congestion" factor weighs slightly in favor of transfer. The courts in SDTX provide a slightly faster time to resolution, with a median

of 20.3 months as compared to 20.4 months in WDTX. *See* Ex. 8 (https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf). However, court congestion is "the most speculative" factor, and where "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *In re Genentech*, 566 F.3d at 1347 (applying Fifth Circuit law). Further, while this Court has a speedy default scheduling order, the Federal Circuit has cautioned against considering such general practices in the transfer analysis. *In re Adobe, Inc.*, 2020 WL 4308164 at 7-8.

> **b. The Local Interest in Having Localized Interests Decided at Home: The Jurors in Houston Have A Substantial Local Interest In This Case, Weighing In Favor of Transfer.**

The community within the SDTX has a substantially greater interest in having this case than the community within the WDTX. Accordingly, the sixth factor weighs heavily in favor of transfer. This factor weighs the relative interests between the transferee and transferor forums. *Datascape*, 2019 WL 4254069, at *8. The Fifth Circuit has reasoned that this factor relates to the burdens of jury service, and that the burdens of serving on a jury "'ought not to be imposed upon the people of a community which has no relation to the litigation.'" *In re Volkswagen AG,* 371 F.3d 201, 206 (5th Cir. 2004) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Both WDTX and SDTX assemble venire panels from individuals residing in the counties that compose a division. *See Final Order Re: Jurors* in WDTX at 1-2 (W.D. Tex. Mar. 21, 2017) (C.J. Garcia); *In re Amended Jury Plan*, Order 2013-06, at § 5 (S.D. Tex. Jul. 5, 2013). Accordingly, when comparing venues between SDTX and WDTX, the relevant "community" under the Volkswagen factors is the division, not the wider district as a whole. *See, e.g., Mimedx Grp., Inc. v. Texas Human Biologics*, *Ltd.*, No. 1:14-CV-464-LY, 2014 WL 12479284, at *7 (W.D. Tex.

10

Aug. 12, 2014) ("The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests.").

Here, the Houston Division has a clear and unmistakable interest in this case: (1) both TCO Products and NCS are headquartered in Houston (Dkt. 50, FAC, ¶¶ 3-5), (2) many of the purported infringing acts occurred in Houston, including selling of the Accused Product (Dkt. 40-2, ¶ 10), (3) both TCO Products and NCS employ a significant number of employees in Houston (Dkt. 40-2, ¶ 9), and (4) one of the named inventors of the '445 Patent lives in Houston (Ex. 4). By comparison, the Waco division of WDTX has no interest in this case at all. Neither TCO AS, TCO Products, nor NCS has operations or facilities in WDTX. *See generally*, Dkt. 50, FAC; *see also* Dkt. 40-2 at ¶¶ 6, 9-10; Ex. 2, Jan. 6 Cramp Corp. Dep. at 39:14-23; 44:5-6.

      **c. The Familiarity of the Forum with the Law That Will Govern the Case: SDTX and WDTX are Equally Deft in Applying Federal Patent Law**

The "familiarity of the forum with the law that will govern the case" factor is also neutral because the claims in this case arise under federal patent law. Both districts are familiar with and equally capable of applying federal patent laws to patent infringement and invalidity claims. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008) (applying Fifth Circuit Law).

      **d. The Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law: The Case Does Not Involve Application of Foreign Law**

The "avoidance of unnecessary problems of conflict of laws of the application of foreign law" is also neutral, because this case does not involve any conflict of laws or application of foreign law. *In re TS Tech USA Corp.*, 551 F.3d at 1320-21.

## V. CONCLUSION

The factors in their totality strongly weight in favor of transferring to the SDTX. Notably, none of the factors weight in favor of the case remaining in the WDTX. Accordingly, transfer to

11

12

the Houston Division of SDTX would be significantly more convenient to the parties and witnesses. To the extent, the Court denies TCO AS's currently pending Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim, Dkt. 57, Defendant TCO AS respectfully requests that the Court grant this Motion to Transfer this case to the Houston Division of the Southern District of Texas.

| | |
|---|---|
| Dated: April 30, 2021 | */s/ Jonathan R. Spivey* |
| | Jonathan R. Spivey |
| | Texas Bar No. 24002989 |
| | jspivey@polsinelli.com |
| | LaTasha M. Snipes |
| | Texas Bar No. 24072504 |
| | tsnipes@polsinelli.com |
| | Enes Ovcina |
| | Illinois Bar No. 6325437 |
| | New York Bar No. 5096797 |
| | *Pro Hac Vice* |
| | eovcina@polsinelli.com |
| | POLSINELLI, PC |
| | 1000 Louisiana St., Suite 6400 |
| | Houston, Texas 77002 |
| | (713) 374-1600 (Office) |
| | (713) 374-1601 (Facsimile) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2021, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(b)(1).

*/s/ Jonathan R. Spivey*
Jonathan R. Spivey

1

77763384.3