**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC.<br>NCS MULTISTAGE LLC.,<br><br>Plaintiffs,<br><br>v.<br><br>TCO AS,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:20-cv-00622-ADA |

**DEFENDANT TCO AS'S FIRST AMENDED ANSWER, DEFENSES, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant TCO AS ("TCO AS") hereby amends its answer ("Amended Answer") to the First Amended Complaint for Patent Infringement (the "FAC") filed by Plaintiffs NCS Multistage, Inc. ("NCS Canada) and NCS Multistage, LLC ("NCS US") (collectively, "NCS") as follows:

**NATURE OF THE ACTION**

1. TCO AS admits that this action purports to be an "action for patent infringement," and that NCS alleges TCO AS purportedly infringes U.S. Patent No. 10,465,445 (the "'445 Patent"). TCO AS denies that it infringes the '445 Patent, and further denies each of the remaining allegation of Paragraph 1 of the FAC.

2. TCO AS is a leading oilfield service company founded in Indre Arna, Norway. TCO AS denies that it induces TCO Products Inc. ("TCO Products") to infringe the '445 Patent. TCO AS denies the allegation that it, or TCO Products, "encourage[es] its United States customers to use the TDP-PO Floating Device to perform infringing floatation methods." Further, TCO AS denies the allegation that it contributorily infringes the '445 Patent. TCO AS denies that NCS is entitled to any of the relief it seeks in Paragraph 2, or anywhere in the FAC.

## THE PARTIES

3. TCO AS lacks knowledge or sufficient information to form a belief as to the truth of NCS's allegations contained in Paragraph 3 of the FAC, and therefore denies the same.

4. TCO AS lacks knowledge or sufficient information to form a belief as to the truth of NCS's allegations contained in Paragraph 4 of the FAC, and therefore denies the same.

5. TCO AS's is a Norwegian company. TCO AS's physical business address is Storaneset 20, 5260 Indre Arna, Norway, and TCO AS's mailing address is PO Box 23 - Indre Arna, 5888 Bergen, Norway.

## JURISDICTION AND VENUE

6. TCO AS admits that this action purports to arise under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*. TCO AS admits that this Court has subject matter jurisdiction over claims for patent infringement. TCO AS denies that the FAC properly states a claim for relief, and specifically denies any wrongdoing or infringement on the part of either TCO AS or TCO Products.

7. TCO AS admits that it developed, designed and created the accused TDP-PO, prior to the priority date of the asserted '445 Patent. TCO AS admits that in 2014, TCO AS imported into the US the accused TDP-PO device. TCO AS admits it has purchased the accused TDP-PO from TCO Products for TCO AS's foreign customers. TCO AS admits that it has shipped a component to the US that has been assembled into the TDO-PO device. TCO AS denies each of the remaining allegations of Paragraph 7 of the FAC.

8. This paragraph states legal conclusions to which no response is required. To the extent a response is required, TCO AS denies the allegations of Paragraph 8.

9. In response to paragraph 9 of the FAC, TCO AS incorporates by reference its responses to paragraphs 7-8 above as if fully stated herein. This paragraph of the FAC states legal conclusions

to which no response is required. To the extent a response is required, TCO AS denies that venue is proper in this District because of the lack of personal jurisdiction.

## BACKGROUND

### A. NCS

10. TCO AS lacks knowledge or sufficient information to form a belief as to the truth of NCS's allegations, and therefore denies each of the allegations of Paragraph 10 of the FAC.

11. TCO AS lacks knowledge or sufficient information to form a belief as to the truth of NCS's allegations, and therefore denies each of the allegations of Paragraph 11 of the FAC.

12. TCO AS lacks knowledge or sufficient information to form a belief as to the truth of NCS's allegations, and therefore denies each of the allegations of Paragraph 12 of the FAC.

13. TCO AS lacks knowledge or sufficient information to form a belief as to the truth of NCS's allegations, and therefore denies each of the allegations of Paragraph 13 of the FAC.

### B. TCO [AS]

14. TCO AS admits that this paragraph purports to provide a link to the TCO group website. TCO AS denies that the TDP-PO Floating Device infringes the asserted patent. TCO AS lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the copied image. TCO AS denies each of the remaining allegations of Paragraph 14 of the FAC.

15. TCO AS admits that the TDP-PO has a glass barrier disc. TCO AS denies each of the remaining allegations of Paragraph 15 of the FAC.

### C. NCS Notifies TCO of Infringement Concerns in December 2019

**16.** TCO AS admits that NCS's Counsel, Blank Rome, addressed a letter bearing the date of December 17, 2019, to Mr. Nils-Petter Silversten. TCO AS admits that a purported chart accompanied the letter. TCO AS lacks knowledge or information sufficient to form a belief as to

the truth and accuracy of the remaining allegations, and therefore denies each and every remaining allegation of Paragraph 16 of the FAC.

**COUNT 1: INFRINGEMENT OF THE ’445 PATENT**

17. In response to paragraph 17 of the FAC, TCO AS incorporates by reference its responses to Paragraphs 1-16 above as if fully stated herein.

18. TCO AS lacks knowledge or sufficient information to form a belief as to the truth of NCS’s allegations, and therefore denies each of the allegations of Paragraph 18 of the FAC.

19. TCO AS lacks knowledge or sufficient information to form a belief as to the truth of NCS’s allegations, and therefore denies each of the allegations of Paragraph 19 of the FAC.

20. TCO AS admits that the face of the ’445 Patent purports to reflect that it issued on November 5, 2019, and that the face of the ’445 Patent purportedly bears the title “Casing Float Tool.” TCO AS admits that what appears to be a copy of the ’445 Patent was attached to the FAC as Exhibit A; however, TCO AS is without knowledge or information sufficient to admit or deny that it is a true and correct copy.

21. TCO AS denies that the ’445 Patent is valid and enforceable under the laws of the United States.

22. TCO AS admits that it created and designed the TDP-PO prior to the alleged priority of the asserted ’445 Patent. TCO AS denies the each of the remaining allegations of Paragraph 22 of the FAC.

23. TCO AS admits that prior to receiving notice of the ’445 Patent or prior to the issuance of the ’445 Patent, on November 5, 2019, by the U.S. Patent and Trademark Office it shipped a certain component to TCO Products that was incorporated into a TDP-PO. TCO AS denies each of the remaining allegations of Paragraph 23 of the FAC.

24. Denied.

25. Denied.

## RESPONSE TO NCS'S PRAYER FOR RELIEF

TCO AS denies any allegations in the Complaint not specifically admitted in TCO AS's responsive pleadings above. TCO AS denies that NCS is entitled to any of the relief sought in the Prayer for Relief because TCO AS does not and has not infringed the '445 Patent and/or because the '445 Patent is invalid and/or unenforceable. TCO AS therefore denies NCS's Prayer for Relief in its entirety.

## DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and 8(c), without altering the burden of proof, TCO AS asserts the following defenses and affirmative defenses based on TCO AS's investigation to date, and prior to obtaining any discovery from either NCS or any third parties. TCO AS's investigation of its defenses and affirmative defenses is continuing, and TCO AS reserves the right to assert all affirmative defenses and any other defense, at law or in equity, that may now exist or in the future may be available based upon discovery and further investigation.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

1. NCS is barred from obtaining any relief sought in the FAC because it has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE – NONINFRINGEMENT

2. TCO AS does not infringe, and has not infringed, any valid and enforceable claim of the '445 Patent, either literally, or under the doctrine of equivalents, by active inducement, or by contributing to the infringement by others.

**THIRD DEFENSE – OTHER DEFENSES BASED ON LATER DISCOVERED EVIDENCE**

3. TCO AS reserves all available defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may be available now or in the future based on discovery or any other factual investigation in this case.

**FIRST AFFIRMATIVE DEFENSE – INVALIDITY**

1. One or more of the claims of the ’445 Patent is/are invalid for failure to satisfy one or more conditions for patentability set forth in Title 35 of the United States Code, including without limitation, for example, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SECOND AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL**

2. NCS’s enforcement of the ’445 Patent is barred, in whole or in part, by the doctrine of prosecution history estoppel by reason of statements, and/or admissions made during the prosecution of the ’445 Patent before the U.S. Patent and Trademark Office.

**THIRD AFFIRMATIVE DEFENSE – ENSNAREMENT**

3. NCS’s enforcement of the ’445 Patent against TCO AS is barred by the doctrine of ensnarement. NCS is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would render the claims invalid for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C. §§ 102 and/or 103.

**FOURTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES**

4. NCS’s claim for damages for infringement of the ’445 Patent is limited by 35 U.S.C. §§ 286 and 287. Pursuant to 35 U.S.C. § 287, NCS is barred from recovering damages prior to December 2019.

## FIFTH AFFIRMATIVE DEFENSE – NO EXCEPTIONAL CASE

5. NCS cannot prove that this is an exceptional case justifying an award of attorney fees against TCO AS pursuant to 35 U.S.C. § 285. Instead, TCO AS intends to prove that this action is an exceptional case that allows TCO AS to recover its attorney's fees and costs of defense.

## SIXTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF

6. NCS cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

Defendant/Counterclaim Plaintiff TCO AS ("TCO AS") asserts the following counterclaims against Plaintiffs/Counterclaim Defendants NCS Multistage, Inc. and NCS Multistage, LLC ("NCS").

## THE PARTIES

1. Defendant/Counterclaim Plaintiff TCO AS is a Norwegian company, organized under the laws of Norway, with a principal place of business at Storaneset 20, PO Box 23, 5260 Indre Arna, N-5888, Bergen, Norway.

2. As indicated in paragraph 3 of the FAC, Plaintiff/Counterclaim Defendant NCS Multistage Inc. is believed to be a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1.

3. As indicated in paragraph 4 of the FAC, Plaintiff/Counterclaim Defendant NCS Multistage LLC is a Texas corporation with a place of business at 19350 State Highway 249, Suite 600, Houston, TX 77070.

## JURISDICTION AND VENUE

4. The claims asserted in this Counterclaim arise under the Patent Laws of the United States, 35 U.S.C. § 100, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and are brought for a judgment by this Court that each of the claims of the '445 Patent are invalid and not infringed by TCO AS. There is an actual justiciable controversy between TCO AS and NCS concerning alleged infringement and invalidity of the '445 Patent.

5. TCO AS's counterclaims arise under 28 U.S.C. § 1338(a) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. NCS has submitted itself, and therefore consented to, the jurisdiction of this Court.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## NATURE OF THE ACTION AND FACTUAL BACKGROUND

8. In its FAC, NCS purports to be the assignee and owner of U.S. Patent No. 10,465,445 (the "'445 Patent"). Further, NCS asserts that TCO AS has infringed the '445 Patent. The claims of the '445 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112. Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '445 Patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## FIRST COUNTERCLAIM

## INVALIDITY OF THE '445 PATENT

9. The allegations of Paragraphs 1-8 of the Counterclaims are repeated and incorporated by reference as if fully set forth herein.

10. Claims 14-15, 22-25, 27-29, 36-43, 46, 50-53, and 55-57 of the '445 Patent ("Asserted Claims") are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation, Sections 101, 102, 103 and/or 112 thereof.

11. TCO AS has served NCS with its Final Invalidity Contentions on Sept 21, 2021. The Asserted Claims are invalid in view of the prior art cited in TCO AS's Final Invalidity Contentions, which are herein incorporated by reference and are attached hereto as Exhibit A, and TCO AS's response to Interrogatory No. 15, attached hereto as Exhibit B (filed under seal). Among other things, the Asserted Claims of the '445 Patent are invalid in view of TCO AS's prior offer for sale, use, and/or sale of the accused TDP-PO, prior to the priority date of the asserted '445 Patent. As such, TCO AS is entitled to a declaration that the '445 Patent is invalid, to ascertain its rights and duties with respect to the accusations in NCS's FAC.

12. This is an exceptional case under 35 U.S.C. § 285 including without limitation because NCS filed its FAC and continues to litigate this case with knowledge of the facts stated in the Counterclaims.

**SECOND COUNTERCLAIM**

**NONINFRINGEMENT OF THE '445 PATENT**

13. The allegations of Paragraphs 1-12 of the Counterclaims are repeated and incorporated by reference as if fully set forth herein.

14. In the FAC, NCS alleges that "NCS Multistage Inc. owns by assignment the entire right, title, and interest in the '445 Patent."

15. In the FAC, NCS alleges that TCO AS "has indirectly infringed and is indirectly infringing at least claims 14-15, 22-25, 27-29, 36-43, 46, 50-53, and 55-57 of the '445 Patent in violation of 35 U.S.C. § 271 et seq." Accordingly, an actual, substantial controversy exists between TCO AS and NCS concerning TCO AS's noninfringement of the '445 Patent.

16. The product accused (the TDP-PO) of infringement in the FAC does not infringe and has not infringed any of claims 1-57 of the '445 Patent, either directly, either literally or under

the doctrine of equivalents, or indirectly, either by active inducement or by contributing to infringement by others.

17. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., and to resolve the legal and factual questions raised by TCO AS, and to afford relief from the uncertainty and controversy that NCS's accusations have precipitated, TCO AS seeks a declaration from this Court that the product(s) accused in the Complaint do not infringe any claims of the '445 Patent.

18. This is an exceptional case under 35 U.S.C. § 285 including without limitation because NCS filed its FAC and continues to litigate this case with knowledge of the facts stated in the Counterclaims

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, TCO AS respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, TCO AS respectfully requests the Court grant the following relief:

A. Judgment dismissing all NCS claims asserted against TCO with prejudice;

B. Deny all relief requested by NCS's FAC;

C. A judgment that TCO AS has not infringed, and is not infringing any not invalid and enforceable claim of the '445 Patent, and that NCS take nothing from its First Amended Complaint.

D. A judgment that the claims of the '445 Patent are invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112;

E. A declaration that this case is exceptional and an award to TCO AS of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

F. A judgment limiting or barring NCS's ability to enforce the '445 Patent in equity; and

G. Other relief, in law or equity, that the Court may determine to be just and proper.

Dated: October 17, 2021

*/s/ Jonathan R. Spivey*
Jonathan R. Spivey
Texas Bar No. 24002989
jspivey@polsinelli.com

LaTasha M. Snipes
Texas Bar No. 24072504
tsnipes@polsinelli.com

Enes Ovcina
Illinois Bar No. 6325437
New York Bar No. 5096797
*Pro Hac Vice*
eovcina@polsinelli.com

POLSINELLI, PC
1000 Louisiana St., Suite 6400
Houston, Texas 77002
(713) 374-1600 (Office)
(713) 374-1601 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2021, a true and correct copy of the foregoing document was served on counsel of record via ECF.

*s/ Jonathan R. Spivey*
Jonathan R. Spivey