# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| NCS MULTISTAGE INC., § | |
| NCS MULTISTAGE, LLC, § | |
| § | |
| Plaintiffs, § | |
| vs. § | CIVIL ACTION NO. 6:20-cv-00622-ADA |
| § | |
| TCO AS, § | |
| § | |
| Defendant. § | |

## PLAINTIFFS' BILL OF COSTS MOTION

## **TABLE OF CONTENTS**

**Page**

A. Legal Standard ...............................................................................................................1
B. Uncontested Costs..........................................................................................................2
C. Contested Costs under Section 1920(4)........................................................................3
    1. Trial Animations/Graphics................................................................................ 4
    2. Trial Technician ................................................................................................ 6
    3. Document Reproduction ................................................................................... 7
    4. NCS's Costs Should Not be Offset with TCO's Costs Because the Court Granted TCO's JMOL on One Issue ..................................................... 11
D. Conclusion ...................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Edwards v. 4JLJ, LLC*,
    No. 2:15-cv-299, 2019 WL 2344752 (S.D. Tex. June 3, 2019).........................................11, 12

*Favata v. Nat'l Oilwell Varco, LP*,
    No. 2:12–CV–82, 2014 WL 5822781 (S.D. Tex. Nov. 10, 2014)..............................................6

*MV3 Partners LLC v. Roku, Inc.*,
    No. 6:18-CV-00308-ADA, 2022 WL 1913619 (W.D. Tex. June 3, 2022) ...........................2, 8

*Pioneer Nat. Res. USA, Inc. v. Diamond Offshore Drilling, Inc.*,
    No. 05-0224, 2009 WL 4020563 (E.D. La. Nov. 17, 2009) .......................................................6

*Profectus Tech. v. Google LLC*,
    No. 6:20-cv-00101-ADA, 2022 WL 3362282 (W.D. Tex. Aug. 15, 2022) ...........................4, 5

*Shum v. Intel Corp.*,
    629 F.3d 1360 (Fed. Cir. 2010).........................................................................................11, 12

*Versata Software Inc. v. SAP Am., Inc.*, No. 2:07-CV-153 CE, 2011 WL 4436283,
    (E.D. Tex. Sept. 23, 2011) ....................................................................................................6, 7

*Williams v. Gaye*,
    895 F.3d 1106 (9th Cir. 2018) ..........................................................................................11, 12

**Statutes**

28 U.S.C. §1920...............................................................................................................................1, 2

28 U.S.C. §1920(4) ..................................................................................................................... *passim*

**Other Authorities**

FED. R. CIV. P. 54(d)(1) ...................................................................................................................1, 2

Local Rule CV-54(a)............................................................................................................................1

On August 26, 2022, after a five-day trial on the merits, a jury returned a unanimous verdict in favor of Plaintiffs NCS Multistage Inc. and NCS Multistage, LLC (collectively, "NCS") on all issues. Dkt. 288. It found Defendant TCO AS ("TCO AS") induced and contributed to the infringement of U.S. Patent No. 10,465,445 ("the '445 Patent"). *Id.* at 2–5. The infringing products are TCO AS's TDP-PO Casing Flotation Devices.[1] *Id.* The jury also rejected all of TCO AS's invalidity theories when it found the '445 Patent not invalid. *Id.* at 6. The jury awarded NCS $1,928,400.00 to compensate NCS for TCO AS's past infringement. *Id.* at 7. Consistent with the jury's verdict, the Court entered Judgment on February 2, 2023. Dkt. 303.

NCS is the prevailing party in this action and therefore entitled to recover its costs. *See* 28 U.S.C. §1920; FED. R. CIV. P. 54(d)(1); Local Rule CV-54(a). As detailed below, it requests an award of $124,702.45 in costs.[2] NCS's costs are enumerated in its Bill of Costs attached hereto as Exhibit 1. NCS sought, and the Court awarded, these exact same types of costs in *NCS Multistage Inc. v. Nine Energy Service, Inc.*, No. 6:20-cv-00277 (W.D. Tex.) (*NCS v. Nine* case).[3]

**A.     Legal Standard**

The Federal Rules of Civil Procedure state, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the

---

[1] The infringing products specifically include the TDP-PO 544x388, TDP-PO 555x388, TDP-PO 588x426, TDP-PO 650x480, TDP-PO 709x477, and TDP-PO 775x516. Dkt. 288 at 2–5.

[2] In its original Bill of Costs, NCS sought to recover $125,422.95 in costs. Dkt. 305, Dkt. 305-1. After the parties met and conferred on NCS's requested costs, NCS agreed to reduce its requested costs to $124,702.45 for the reasons explained herein.

[3] NCS filed a copy of its Court-approved bill of costs from the *NCS v. Nine* case in this case at Dkt. 305-2.

prevailing party." FED. R. CIV. P. 54(d)(1). "Under this rule, there is a strong presumption 'that the prevailing party will be awarded costs.'" *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-CV-00308-ADA, 2022 WL 1913619, at *1 (W.D. Tex. June 3, 2022) (Albright, J.) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). "The Fifth Circuit has held that this presumption intended to create prima facie entitlement to payment of costs and that the burden of overcoming this presumption shifts to the losing party." *Id.* (citing *Schwarz*, 767 F.2d at 131). The Court must articulate a good reason for denying or reducing a prevailing party's request for costs. *Id.*

A prevailing party is permitted to recover the following categories of costs under 28 U.S.C. §1920:

1. Fees of the Clerk and Marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**B.    Uncontested Costs**

On February 16, 2023, NCS filed its original Bill of Costs and requested it be awarded $125,422.95 in costs. Dkt. 305, Dkt. 305-1. Support for this award is explained in detail in NCS's memorandum supporting its Bill of Costs, which is incorporated herein by reference. *See generally* Dkt. 306. On March 6, 2023, the parties met and conferred about NCS's request for costs.

As set forth in Exhibit 2, TCO does not object that NCS should recover the following costs:

2

- $400.00 for fees to the Clerk (§1920(1));

- $ 61,112.71 for printed or electronically recorded trial and deposition transcripts and deposition videos necessarily obtained for use in this case (§1920(2)), consisting of:

    - $13,245.12 for *voir dire* and trial transcripts;

    - $41,987.59 for deposition transcripts; and

    - $5,880.00 for video depositions;[4]

- $7,945.88 for witness fees (§1920(3));

- $13,900.00 for a sample TDP-PO Casing Flotation Device used and admitted as an exhibit at trial (§1920(4)); and

- $195.00 for document translation (§1920(4)).

Ex. 2 (Email between counsel for NCS and TCO regarding NCS's request for costs) at 1–2. Because these costs, totaling $83,553.59, are authorized by 28 U.S.C. §1920 (Dkt. 306 at 2–14, 16) and agreed to by the parties (Ex. 2 at 1–2), NCS respectfully asks the Court award these costs. *See* Dkt. 305-2 (This Court awarding NCS these exact same types of costs in the *NCS v. Nine* case).

C.     **Contested Costs under Section 1920(4)**

As detailed below, NCS seeks to recover $29,928.89 in costs for trial animations/graphics and trial technician as exemplifications and $11,219.97 in costs for printing, copying, and making of documents necessarily obtained for use in this case. 28 U.S.C. §1920(4). This Court

---

[4] In its original Bill of Costs, NCS sought to recover $6,590.00 for deposition video costs, including costs for expedited production of certain deposition videos. Dkt. 306 at 7–9; Dkt. 305-5 (NCS's invoices for deposition videos). To streamline the disputed issues and conserve judicial resources, NCS agreed to withdraw its request to recover costs of expedited delivery, reducing its request for video deposition costs to $5,880.00 and its total request for costs under Section 1920(2) from $61,822.71 to $61,112.71.

3

awarded NCS reimbursement of these exact same types of costs in the *NCS v. Nine* case. Dkt. 305-2 at 2.

    1.    <u>Trial Animations/Graphics</u>

Fees for exemplifications are recoverable under Section 1920(4). 28 U.S.C. §1920(4). Relying on lay dictionaries, this Court has defined "exemplification" as "an example and listing synonyms such as 'prototype,' 'representative,' and 'sample'" and "'something that exemplifies; an illustration or example'…." *Profectus Tech. v. Google LLC*, No. 6:20-cv-00101-ADA, 2022 WL 3362282, at *7 (W.D. Tex. Aug. 15, 2022) (citations omitted).

Here, the parties litigated for just over two years a complex and highly contested patent infringement suit that was tried before a jury in August 2022. NCS necessarily incurred $12,389.50 in costs for animations/graphics played during trial. Dkt. 306-2 at 1–3 (Copies of NCS's invoices for trial animations; NCS is only seeking to recover the cost highlighted in yellow). NCS sought to recover these exact same types of costs in the *NCS v. Nine* case under Section 1920(4), and the Court awarded them. Dkt. 305-2 at 1.

Just like he did in the *NCS v. Nine* case, NCS's technical expert, Dr. John Rodgers, included several animations in his demonstrative exhibits that explained in detail the technology at issue in this case, the operation of prior art casing tools, the operation of alleged prior art tubing tools, and the operation of the infringing TDP-PO Casing Flotation Devices. These trial animations are exemplifications because they were representatives of or illustrations of these products. *See Profectus*, 2022 WL 3362282, *7. They exemplified how these products work. Animations were especially important here because the jury could not go to a drill site for an oil or gas well to see, for example, a TDP-PO Casing Flotation Device run-in-hole and opened (i.e., glass disc ruptured). Further, the use of these trial animations assisted the jury in considering the

4

infringement and invalidity issues and allowed NCS to present its case in a streamlined, orderly, and efficient manner.

During the meet and confer, TCO argued NCS could not recover its trial animation/graphics costs in view of the Court's decision in *Profectus*. Ex. 2 at 2 (summarizing TCO's argument from meet and confer). NCS disagrees for at least three reasons.

First, TCO's suggestion that this Court held in *Profectus* that as a matter of law certain costs, including trial animation costs, can never be recovered is wrong. Indeed, after the Court issued its decision in *Profectus*, this Court awarded NCS $53,610.54 in costs for trial animation/graphics in the *NCS v. Nine* case. *See* Dkt. 305-2 at 2; Ex. 3 (Transcript from post-trial motions hearing in *NCS v. Nine*) at 41:4-23.[5] This Court specifically said it was awarding NCS costs for any graphics used at trial. Ex. 3 at 41:4-23.

Second, in *Profectus*, this Court explained that Section 1920 allows "minor, incidental expenses" to be taxed. *Profectus*, 2022 WL 3362282, *9. In that case, the prevailing party sought to recover "a staggering amount" of $114,380 under Section 1920(4) for producing trial graphics, obtaining demonstratives, and retaining a trial technician. *Id.* at *5, *9. In contrast, NCS only seeks to recover $29,928.89 for these same costs. NCS's request is about $85,000 less than what the prevailing party in *Profectus* sought and is consistent with the statute's purpose of taxing minor, incidental expenses.

Third, it is unclear what types of trial animations the prevailing party offered at trial in *Profectus*. But here, NCS's trial animations meet the definition of exemplification for the reasons explained above. *Supra* at 4.

---

[5] In response to an email request from TCO, NCS understands the Court's Reporter, Kristie Davis, sent TCO a copy of this transcript on or around December 14, 2022. Ex. 4 (Email between TCO and Ms. Davis) at 1.

5

During the meet and confer, TCO further disputed whether NCS should recover $1,000 (included in the $12,389.50 requested for trial animations) for a small site license incurred by one of its vendors to create an animation that showed how the glass of an infringing TDP-PO Casing Flotation Device moves before breaking on the pins. In other words, the animation exemplified, *inter alia*, how the infringing TDP-PO Casing Flotation Devices meet claim element 28[c]. Trial Tr. at 461:17-463:8 (Dr. Rodgers testifying about this animation). NCS's vendor could not make this animation without this license. This cost was therefore necessarily incurred for the creation of this exemplification and should be awarded to NCS.

Thus, NCS should be awarded its trial animation/graphics costs under Section 1920(4), just like it was awarded these costs in the *NCS v. Nine* case. *See* Dkt. 305-2.

2.     Trial Technician

This Court and other courts in the Fifth Circuit have awarded technician costs as exemplification under §1920(4). *See, e.g.*, Dkt. 305-2; *Favata v. Nat'l Oilwell Varco, LP*, No. 2:12–CV–82, 2014 WL 5822781, at *4–5 (S.D. Tex. Nov. 10, 2014) (listing numerous cases that awarded costs for an audio and visual technician at trial); *Versata Software Inc. v. SAP Am., Inc.*, No. 2:07-CV-153 CE, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011) (awarding $90,090.00 in costs for professional audio and visual (graphics) services); *Pioneer Nat. Res. USA, Inc. v. Diamond Offshore Drilling, Inc.*, No. 05-0224, 2009 WL 4020563, at *5 (E.D. La. Nov. 17, 2009) (awarding costs associated with the video trial support as exemplification under §1920(4)) (citing *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985) (allowing recovery of costs for audiovisual equipment and its operation at trial when court requested it), *aff'd*, 790 F.2d 1193 (5th Cir.1986) (en banc), *aff'd sub nom. Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). "The use of technology support during trial, particularly in complicated cases such as this case, is an anticipated, useful, and necessary tool to assist in the

6

efficient presentation of cases." *Versata*, 2011 WL 4436283, at *2.

Here, NCS seeks to recover $17,539.39 in costs for its trial technician. NCS filed a true and correct copy of its invoice for this cost at Dkt. 306-3. Personal identifiable information has been redacted from that invoice. NCS's trial technician costs were anticipated, useful, necessary, and reasonable. Indeed, NCS exemplified exhibits, depositions, and other materials and presented its case in an efficient and effective manner to the jury because of its trial technician. NCS's trial technician was present and active throughout the entire trial and devoted dozens of hours outside of Court to helping NCS prepare its case. Dkt. 306-3 at 1. For example, NCS's trial technician finalized the trial animations, prepared demonstrative exhibits, and ran NCS's audio-visual courtroom equipment to exemplify materials to the jury. *Id.* NCS's trial technician had a nearly identical role and responsibilities in the *NCS v. Nine* case. And, after the Court issued its *Profectus* decision, the Court awarded NCS reimbursement of its trial technician costs, totaling $19,166.26, in the *NCS v. Nine* case. Dkt. 305-2 at 1. The same outcome should apply here.

TCO's argument that *Profectus* automatically bars NCS's taxation of its trial technician costs is meritless. As explained above, this Court did not bar recovery of any cost as a matter of law in *Profectus*, and, unlike the prevailing party in *Profectus*, NCS seeks to recover a modest amount for its Section 1920(4) expenses.

Thus, NCS should be awarded its trial technician costs under Section 1920(4), just like it was awarded these costs in the *NCS v. Nine* case. *See* Dkt. 305-2.

3.   Document Reproduction

NCS seeks to recover $11,219.97 in its document reproduction costs that necessarily resulted from the litigation. An itemization of NCS's total document reproduction costs and supporting invoices are available at Dkt. 306-4 (Ex. 13 to NCS's bill of costs memo) and Dkt.

305-10 (Ex. 14 to NCS's bill of costs memo).[6]   Personal identifiable information has been redacted.

As this Court has recognized, there is a "generally accepted rule in the Western District that a prevailing party should be entitled to 50% of its document reproduction costs throughout the entire case." *MV3 Partners*, 2022 WL 1913619, *5 (citing *Ushijima v. Samsung Elecs. Co.*, No. A-12-CV-318-LY, 2015 WL 11251558, at *12 (W.D. Tex. July 30, 2015)).  In the *NCS v. Nine* case, NCS sought to recover 50% of its document reproduction costs, for a total of $6,096.38, and the Court awarded them.  Dkt. 305-2 at 2.  Here, because NCS's document reproduction costs total $22,439.938, application of the 50% general rule indicates that it should recover $11,219.97 of its costs.

NCS's document reproduction costs in this case are higher than its document reproduction costs in the *NCS v. Nine* case.  But that is expected because this case was significantly larger.  Just like Nine, TCO's primary invalidity defense was that the '445 Patent was invalid over TCO's alleged prior art sales/uses.  Of course, given that the invalidity defense was based on TCO's own prior activities, TCO identified substantially more evidence and witnesses than Nine did in the *NCS v. Nine* trial.  *See, e.g.*, Trial Tr. at 638:2-667:24 (Tommy Eriksen testifying), 788:10-825:23 and 842:2-855:20 (Viggo Brandsdal testifying), 886:17-

---

[6] During the meet and confer, NCS agreed to withdraw its request to recover $0.75 ($1.50/2) for reproducing "Adobe's MSJ of non-infringement based on prosecution history estoppel," as the vendor erroneously included that cost in the itemized list for this case. Dkt. 306-4 at 2 (fifth cost listed on page 2).  NCS also agreed to withdraw its request to recover $9.68 ($19.35/2) for printing the deposition transcripts of Steven Cramp a second time. *Id.* at 3 (first three costs listed on page 3).  To streamline the disputed issues and conserve judicial resources, NCS further agrees to withdraw its request to recover $0.08 ($0.15/2) for mailing labels. *Id.* (tenth cost listed on page 3).  This reduces NCS's taxation of costs in Dkt. 306-4 from $79.56 ($159.15/2) to $69.08 ($138.15/2) and its total request for document reproduction costs from $11,230.47 to $11,219.97.

8

889:24 and 893:18-913:9 (Ole Petter Waage testifying). While Nine alleged three invalidating prior art sales/uses based on sparse evidence, TCO alleged **ten** prior art sales/uses based on dozens of documents and several fact witnesses. *Compare* Post-Evidence Jury Instructions at 19, *NCS v. Nine*, No. 6:20-cv-00277 (W.D. Tex. Aug. 25, 2022), ECF No. 246 (listing the alleged TCO prior art sales/uses), *with* Dkt. 272 (Post-Evidence Jury Instructions) at 17-18 (listing the alleged TCO prior art sales/uses). While Nine identified five people on its witness list, TCO identified sixteen people. *Compare* Exhibit 6 to Proposed Joint Pretrial Order at 1, *NCS v. Nine*, No. 6:20-cv-00277 (W.D. Tex. Aug. 25, 2022), ECF No. 237 (Nine's witness list), *with* Dkt. 237-5 at 1–2 (TCO's witness list). Further, there were only two infringing products in the *NCS v. Nine* case, but six infringing products in this case. *Compare* Jury Verdict Form at 2–3, *NCS v Nine*, No. 6:20-cv-00277 (W.D. Tex. Jan. 21, 2022), ECF No. 251, *with* Dkt. 288 at 2–5.

During the meet and confer, TCO argued the costs identified in Dkt. 306-4 were not recoverable because they were not necessarily obtained for use in this case. Ex. 2 at 2 (summarizing TCO's argument from meet and confer). It also argued the costs identified in Dkt. 305-10 were not recoverable because the number of documents printed was excessive and redundant of documents uploaded to the Court's JERS. *Id.* Neither of these arguments have merit.

With respect to the costs identified in Dkt. 306-4, NCS's counsel had the documents listed on pages 1–2 printed to prepare for and have available during the final pre-trial conference. Indeed, these documents are copies of briefing related to the parties' pre-trial motions and were printed on May 4, 2022, less than two weeks the original final pretrial conference. *See* Dkt. 100 at 2. Although the conference was rescheduled and held on August 18, 2022 (Dkt. 250), NCS's counsel still used these documents at the rescheduled conference for these reasons. For cost no.

9

4 on page 3 of Dkt. 306-4, NCS's counsel had the 30(b)(6) deposition transcript of Arsenal printed on January 14, 2021, to analyze and use in NCS's decision to dismiss Arsenal without prejudice from the case a week later. Dkt. 46 at 1. For cost nos. 5–9 on page 3, NCS's counsel had NCS's *Markman* briefing printed to prepare for and have available when responding to TCO's *Markman* brief and during the *Markman* hearing. Thus, NCS should therefore be awarded 50% of its requested costs from Dkt. 306-4, or $69.08, because those costs were necessarily incurred for this case.

With respect to the costs identified in Dkt. 305-10, the documents printed were for trial preparation and trial. Specifically, like it did in the *NCS v. Nine* case, NCS had fact witness prep binders, expert witness prep binders, and the parties' trial exhibits printed. NCS's counsel used these documents during trial, including to (i) assist NCS in the ongoing preparation and presentation of the case, (ii) prepare NCS's witnesses for direct and cross examinations, and (iii) have copies of the parties' exhibits available at trial.

TCO's argument that NCS should not recover its document reproduction costs because some of the documents NCS printed were redundant to documents uploaded to the Court's JERS system is untenable. Section 1920(4) permits taxation of copying costs if those copies are necessarily obtained for use in the case. 28 U.S.C. §1920(4). It does not include an exception that documents uploaded the Court's JERS system cannot be taxed. Further, the Court's Clerk specifically recommended bringing paper copies of exhibits in case of technological difficulties. Ex. 5 (Email from the Court's Clerk about JERS Exhibit Requirements for Trial) at 2. Thus, NCS should therefore be awarded 50% of its requested costs from Dkt. 305-10, or $11,150.89, because those costs were necessarily incurred for this case.

For the reasons stated above, NCS should be awarded its document reproduction costs,

10

totaling $11,219.97, under Section 1920(4), just like it was awarded these costs in the *NCS v. Nine* case. *See* Dkt. 305-2.

*   *   *

In sum, NCS should be awarded a total of $41,148.93 in costs for its trial graphics/animations, trial technician, and document reproduction because these costs are exemplifications, reasonable, and were necessarily obtained for use in this case. *See* Dkt. 305-2 (This Court awarding NCS its costs for trial graphics/animations, trial technician, and document reproduction).

    4.    <u>NCS's Costs Should Not be Offset with TCO's Costs Because the Court Granted TCO's JMOL on One Issue</u>

The jury quickly and soundly rejected TCO's positions when it reached a decisive verdict in NCS's favor on all issues. *See* Dkt. 288. The jury found that TCO had induced infringement and contributed to the infringement of the '445 Patent and the '445 Patent is not invalid. *Id.* at 2–6. It also awarded NCS $1,928,400.00 to compensate NCS for TCO AS's past infringement. *Id.* at 7. This verdict makes NCS the prevailing party under Fed. R. Civ. P. 54(d)(1).

Despite the decisive verdict for NCS, during the meet and confer, TCO alleged this is a mixed judgment case and it should be able to offset NCS's costs with some of its own costs because the Court granted TCO's motion for judgment as a matter of law of non-infringement for the TDP PO 825x625. Ex. 2 at 2. In a follow-up to the meet and confer, TCO cited *Shum v. Intel Corp.*, 629 F.3d 1360 (Fed. Cir. 2010), *Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018), and *Edwards v. 4JLJ, LLC*, No. 2:15-cv-299, 2019 WL 2344752 (S.D. Tex. June 3, 2019) as purportedly supporting its position. In *Shum*, the court held there was a mixed judgment because the plaintiff prevailed on his inventorship claims for five of the seven patents originally at issue while the defendants prevailed on all of plaintiff's state law claims and avoided paying any

damages. *Shum*, 629 F.3d at 1368. In *Williams*, the court entered a mixed judgment, holding the declaratory judgment plaintiff only infringed one of the two copyright registrations asserted by the defendant/counterclaimant. *Williams*, 895 F.3d at 1133. As for *Edwards*, it is not relevant to this issue because there was no mixed judgment in that case and the court did not reduce the prevailing party's costs for purported offsetting victories. *See generally Edwards*, 2019 WL 2344752.

TCO's cited cases are inapposite. Here, unlike *Shum* and *Williams*, the judgment in this case was not "mixed" in any meaningful sense of the word. The jury found for NCS on infringement, invalidity, and damages. Dkt. 288. The Court only entered JMOL in favor of TCO on one product for which it had no sales as of March 31, 2022 (the last day TCO produced sales information for). This does not make TCO the prevailing party under Fed. R. Civ. P. 54(d)(1). Further, the Court only granted this motion after NCS voluntarily withdrew its allegations of infringement against the TDP-PO 825x625, without prejudice, to narrow the issues in dispute. Trial Tr. at 611:9-25. Under these facts, NCS is the prevailing party and there is no basis for offsetting NCS's costs with TCO's costs.

**D.  Conclusion**

For the foregoing reasons, NCS as the prevailing party, requests an award of costs totaling $124,702.45.

Dated:  March 16, 2023                                         Respectfully submitted,

                                                                                    BLANK ROME LLP

                                                                                    */s/ Domingo M. LLagostera*
                                                                                    **Domingo M. LLagostera**
                                                                                    (*Attorney-in-charge*)
                                                                                    State Bar No. 24070157
                                                                                    Tel.: (713) 632-8682

Fax: (713) 228-6605
DLLagostera@BlankRome.com
**Russell T. Wong**
State Bar No. 21884235
RWong@blankrome.com
Tel.: (713) 632-8634
Fax: (713) 228-6605
717 Texas Ave, Suite 1400
Houston, Texas 77002

**Andrew K. Fletcher** *(admitted pro hac vice)*
PA State ID. 75544
AFletcher@blankrome.com
Tel.: (412) 932-2736
501 Grant Street, Suite 850
Pittsburgh, PA 15219

**Megan R. Wood** *(admitted pro hac vice)*
DC Bar No. 1024203
MWood@blankrome.com
Tel.: (202) 420-2753
1825 Eye Street NW
Washington, DC 20006

**ATTORNEYS FOR PLAINTIFFS
NCS MULTISTAGE INC. AND
NCS MULTISTAGE, LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 54, counsel for NCS conferred with counsel for TCO on March 6, 2023, and communicated via email with counsel for TCO on March 7, 2023 (*see* Ex. 2), about NCS's request for costs. The parties' areas of agreement and areas of disagreement with respect to NCS's requested costs are set forth above.

*/s/ Domingo M. LLagostera*
Domingo M. LLagostera

13

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were electronically served with a copy of the foregoing on March 16, 2023 via the Court's ECF system.

*/s/ Domingo M. LLagostera*
Domingo M. LLagostera
