# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § | |
| NCS Multistage LLC., | § | |
| | § | CIVIL ACTION NO. 6:20-CV-00622-ADA |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| TCO AS, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT TCO AS'S OPPOSITION TO PLAINTIFFS' BILL OF COSTS MOTION**

88765577.4

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................. 1

II.    LEGAL STANDARDS ........................................................................................ 2

III.   THE CONTESTED COSTS ARE NOT TAXABLE ........................................... 3

IV.    TRIAL ANIMATIONS/GRAPHICS AND TRIAL TECHNICIAN FEES ARE
       NOT EXEMPLIFICATIONS PURSUANT TO § 1920(4) ................................... 3

       A.    NCS's Arguments that the Court's Holding in *Profectus* Is Inapplicable
             and Distinguishable Are Not Persuasive ................................................... 4

V.     NCS'S PROPOSED COSTS FOR CERTAIN "DOCUMENT
       REPRODUCTION" FEES ARE NOT EXEMPLIFICATIONS PURSUANT TO §
       1920(4) ................................................................................................................. 6

VI.    CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Coats v. Penrod Drilling Corp.*,
   5 F.3d 877 (5th Cir. 1993) ...................................................................................................2

*Crawford Fitting Co. v. J.T. Gibbons*,
   482 U.S. 437 (1987) ............................................................................................................2

*Fogleman v. ARAMCO*,
   920 F.2d 278 (5th Cir. 1991) ...............................................................................................6

*Iniekpo v. Avstar Int'l Corp.*,
   No. SA-07-CA-879-SR, 2010 WL 3909321 (W.D. Tex. Sept. 30, 2010) ........................6, 7

*MV3 Partners LLC v. Roku, Inc.*,
   No. 6:18-CV-00308-ADA, 2022 WL 1913619 (W.D. Tex. June 3, 2022) ..........................6

*NCS Multistage Inc. v. Nine Energy Service, Inc.*
   6:20-cv-00277-ADA (W.D. Tex. 2020). ..........................................................................4, 5

*Profectus Tech. LLC v. Google LLC*,
   20-cv-00101-ADA, 2022 WL 3362282 (W.D. Tex. Aug. 15, 2022) ....................1, 3, 4, 5, 6

*In re Ricoh Co., Ltd.*,
   661 F.3d 1361 (Fed. Cir. 2011) ...........................................................................................2

*Summit Technology, Inc. v. Nidek Co., Ltd.*,
   435 F.3d 1371 (Fed. Cir. 2006) .......................................................................................4, 5

**Statutes**

28 U.S.C. § 1920 .....................................................................................................................1, 2

28 U.S.C.§ 1920(4) ............................................................................................................ *passim*

**Rules**

Fed. R. Civ P. 54(d)(1) ............................................................................................................1, 2

Local Rule CV-54-(a)(3) ...........................................................................................................1

Pursuant to Fed. R. Civ P. 54(d)(1) and Local Rule CV-54-(a)(3), Defendant TCO AS ("TCO AS") respectfully submits this opposition to Plaintiff NCS Multistage Inc. and NCS Multistage LLC's (collectively, "NCS") Proposed Bill of Costs Motion (Dkt. 328).

## I.  INTRODUCTION

NCS filed its proposed Bill of Costs on February 16, 2023 (Dkt. 305) seeking an award of damages in the amount of $124,422.95. After meeting and conferring with TCO AS regarding its proposed costs, NCS filed its Bill of Costs Motion revising the costs it seeks to $124,702.45. Dkt. 328-1. Though TCO AS has agreed to certain costs,[1] TCO AS objects to NCS's proposed costs for Trial Animations/Graphic, trial technician costs, and certain document reproduction costs because they are not recoverable under 28 U.S.C. § 1920.

NCS requests $41,148.93 in costs related Trial Animations/Graphics, Trial Technician Costs, and certain Document Reproduction costs pursuant to § 1920(4). Dkt. 328 at 3–11. But this Court has expressly found that such costs are "exemplifications" taxable pursuant to § 1920(4).[2] Of the $41,148.93 total amount, $12,389.50 is for Trial Animations/Graphics, $17,539.39 is for Trial Technician, and $11,220.04 for is Document Reproduction. TCO AS objects to the entire amount of $41,148.93 because these items are not recoverable pursuant to § 1920(4), because (1) this Court *expressly* determined that trial graphics and trial technician fees are not included within the definition of "exemplification" pursuant to § 1920(4)),[3] and (2) the purported document reproductions were not necessarily obtained for use in the case.

---

[1] TCO AS does not object to NCS's proposed costs for: (1) fees to the Clerk ($400.00); (2) trial and deposition transcripts and videos ($61,112.71); (3) witness fees ($7,945.88); (4) a sample TDP-PO device ($13,900.00); and (5) document translation fees ($195.00).

[2] Section 1920(4) permits recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C.§ 1920(4).

[3] *Profectus Tech. LLC v. Google LLC*, 20-cv-00101-ADA, 2022 WL 3362282, at *7 (W.D. Tex. Aug. 15, 2022) ("Trial graphics, trial consultant or technician fees, and a vague trial equipment

## II.  LEGAL STANDARDS

Rule 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  The Supreme Court in *Crawford Fitting Co. v. J.T. Gibbons,* 482 U.S. 437, 441 (1987), held that 28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford*, 482 U.S. at 441.  Section 1920, in turn, provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursement for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, and costs of special interpretation services under section 1828 of this title.

28. U.S.C. § 1920.  Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford*, 482 U.S. at 440. Further, the Court emphasized that "[t]he discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Id*. at 442.  Similarly, the Fifth Circuit has observed that "28 U.S.C. § 1920 defines recoverable costs, and a district court may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp*., 5 F.3d 877, 891 (5th Cir. 1993) (footnote omitted) (citing *Crawford*, 482 U.S. at 442); *see also In re Ricoh*

---

charge from the same third-party trial graphics team are not examples, illustrations, prototypes, samples, or the like. Such costs simply do not fall within the language of the statute.") (internal citation omitted).

2

*Co., Ltd.*, 661 F.3d 1361, 1364 (Fed. Cir. 2011) (holding that the Federal Circuit applies regional circuit law in deciding issues of costs in a patent case).

### III. THE CONTESTED COSTS ARE NOT TAXABLE

Relying on 28 U.S.C. § 1920(4), NCS seeks $41,148.93 for its "Trial Animations/Graphics," "Trial Technician," and "costs for printing, copying, and making of documents." Dkt. 328 at 3. All such costs should be disallowed.

As noted above, $12,389.50 of the total contested amount is for Trial Animations/Graphics and $17,539.39 for fees for the services of its trial technician. Dkt 328 at 4–7; *see also* Dkts. 306-2 at 1–3 and 306-3, respectively. NCS also seeks $11,220.04 for "document reproduction costs that [it argues] resulted from the litigation." Dkt. 328 at 7; *see also* Dkts. 306-4, 305-10.

### IV. TRIAL ANIMATIONS/GRAPHICS AND TRIAL TECHNICIAN FEES ARE NOT EXEMPLIFICATIONS PURSUANT TO § 1920(4)

Section 1920(4) provides for recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." NCS's claimed "costs," however, are not "exemplification[s]" withing the meaning of § 1920(4) and are therefore not taxable.

This Court in *Profectus Tech. LLC v. Google LLC* directly considered whether trial graphics and trial technician costs/fees were "exemplifications" pursuant to § 1920(4). 20-cv-00101-ADA, 2022 WL 3362282, at *6 (W.D. Tex. Aug. 15, 2022). In so considering, the Court determined they were not:

> . . . this Court's accepted definition [of exemplification] likewise excludes expenses incurred for graphics and trial technician services for trial. ***Trial graphics, trial consultant or technician fees, and a vague trial equipment charge from the same third-party trial graphics team are not examples, illustrations, prototypes, samples, or the like***. Such costs simply do not fall within the language of the statute.

3

*Id.* at *7 (emphasis added) (citations omitted).  The Court found support for its reasoning in *Summit Technology, Inc. v. Nidek Co., Ltd.*, "wherein the Federal Circuit outlined its basis for rejecting requested costs in preparing trial exhibits, ***computer animations, videos, PowerPoint presentations, and graphic illustrations and finding that they were not 'exemplifications***.'" *Id.* (citing *Summit Technology, Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1374–78 (Fed. Cir. 2006)) (emphasis added).[4]

Though NCS acknowledges the Court's definition of "exemplification" as stated in *Profectus*, it otherwise ignores what this Court has expressly excluded from that definition.  *See* Dkt. 328 at 4.  To be sure, in arguing that its expert's animations are exemplifications within the Court's definition, NCS recasts those animations as "representatives of or illustrations of [the Accused Products]," indicating that the animations "exemplified how these products work."  *Id.* But again, this Court has held that animations and graphic illustration are not exemplifications. *Profectus*, 20-cv-00101-ADA, 2022 WL 3362282, at *7 (W.D. Tex. Aug. 15, 2022)

Therefore, based on the Court's ruling in *Profectus*, TCO AS submits that NCS's proposed costs for "Trial Animations/Graphics" and "Trial Technician" are not taxable because they are not an "exemplification" within the language of § 1920(4).

### A. NCS's Arguments that the Court's Holding in *Profectus* Is Inapplicable and Distinguishable Are Not Persuasive.

NCS makes several arguments to escape the Court's holding in *Profectus*.  None of which are persuasive.

NCS argues that the Court awarded NCS's costs for trial animations/graphics and trial technician fees in the *NCS v. Nine* case after the Court's decision in *Profectus*, and therefore the

---

[4] The Court further noted that the Federal Circuit in *Summit*, used a First Circuit interpretation that aligned with the Fifth Circuit interpretation of "exemplification." *Id.*

4

88765577.4

Court should simply do as it did in the *NCS v. Nine* case. Dkt. 328 at 5–7. What NCS fails to acknowledge, however, is that neither party in the *NCS v. Nine* case brought the *Profectus* ruling to the Court's attention—primarily because the briefing on the proposed costs in the *NCS v. Nine* case occurred *prior to* the decision date in *Profectus*.[5] Additionally, it appears that neither NCS nor Nine Energy were aware of the Court's *Profectus* decision as of the date of the oral arguments in the *NCS v. Nine* case because neither party sought to inform the Court of its intervening *Profectus* decision that is determinative on the issue. *See* Dkt. 329-1 (Transcript from post-trial motion hearing in the *NCS v. Nine* case). Therefore, to argue that the Court allowed these costs in the *NCS v. Nine* case in light of the *Profectus* decision is a red herring and otherwise misleading.

NCS also attempts to distinguish *Profectus* by asserting that the costs sought pursuant to § 1920(4) for producing trial graphics, obtaining demonstratives, and retaining a trial technician were excessive such that they were inconsistent with the statute's purpose of taxing minor, incidental expenses. Dkt. 328 at 5 (contrasting $114,380 sought by Google with $29,928.89 sought by NCS). This argument is not persuasive as TCO AS would maintain that ~$30,000 is not a minor, incidental expense, despite NCS's argument otherwise.

Lastly, NCS argues that it isn't clear "what types of trial animations the prevailing party offered at trial in *Profectus*." *Id.* But again, this is simply NCS ignoring the Court's reasoning that such materials are not within its accepted definition of "exemplification." *Profectus*, 20-cv-00101-ADA, 2022 WL 3362282, at *7 (W.D. Tex. Aug. 15, 2022) (citing for support the Federal

---

[5] The Court issued its decision in *Profectus* on August 15, 2022. *See Profectus*, 20-cv-00101-ADA, 2022 WL 3362282 (W.D. Tex. Aug. 15, 2022). Briefing on NCS's proposed bill of costs closed on July 8, 2022. *See NCS Multistage Inc. v. Nine Energy Service, Inc*. 6:20-cv-00277-ADA, Dkts. 266, 267, 272, 277 (W.D. Tex.).

5

Circuit's decision in *Summit Technology, Inc. v. Nidek Co., Ltd.* that rejected costs for computer animations (among others) and finding they were not exemplifications).

Therefore, NCS's arguments that the Court's determination regarding the definition of "exemplification" in *Profectus* does not apply or is distinguishable are not persuasive. TCO AS requests the Court likewise disallow NCS's requested costs for Trial Animations/Graphics and Trial Technician.

## V. NCS'S PROPOSED COSTS FOR CERTAIN "DOCUMENT REPRODUCTION" FEES ARE NOT EXEMPLIFICATIONS PURSUANT TO § 1920(4)

As an initial matter, TCO AS does not contest the fact that a prevailing party should be entitled to 50% of its document reproduction costs. *See MV3 Partners LLC v. Roku, Inc.,* No. 6:18-CV-00308-ADA, 2022 WL 1913619, at *5 (W.D. Tex. June 3, 2022). Rather, TCO AS contests that the costs NCS presents in Dkts. 306-4 and 305-10 are not truly document reproduction costs, but unnecessary, convenience copies that should not be taxed pursuant to § 1920(4).

When pursuing costs for copies pursuant to § 1920(4), a party need not "identify every [photo]copy made for use in the course of legal proceedings," but it must demonstrate some connection between the costs incurred and the litigation. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). The losing party, however, "should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a firm's xerox machines." *Id.* Particularly, "[e]xtra copies for convenience of counsel are not considered necessary [as part of discovery and the copies of documents filed with the court] and therefore are not taxed as costs." *Iniekpo v. Avstar Int'l Corp.*, CIV A. No. SA-07-CA-879-SR, 2010 WL 3909321, at *2 n.21 (W.D. Tex. Sept. 30, 2010).

Here, as it relates to the costs identified in Dkt. 306-4, NCS admits "these documents are copies of briefings related to the parties' pretrial motions," copies of a deposition transcript used

in NCS's decision to dismiss Arsenal, and "copies printed for and [to] have available when responding to *Markman* briefing and during the *Markman* hearing." Dkt. 328 at 9. However, NCS demonstrates no connection that these copies were necessary to the litigation—*i.e.*, used to support any motion, used as an exhibit at trial, or even that they were furnished to and used by the Court or opposing counsel. These were simply extra copies used for convenience of counsel, and therefore should not be considered necessarily obtained for use in the case pursuant to § 1920(4). *See Iniekpo*, CIV A. No. SA-07-CA-879-SR, 2010 SL 3909321, at *2 n.21.

With respect to the costs identified in Dkt. 305-10—particularly, the 49,349 copies amounting to $22,301.78—NCS identifies these copies as documents printed for "trial preparation and trial." Dkt. 328 at 10. NCS asserts these documents were used by its attorneys during trial to assist in "preparation and presentation of the case" and to prepare witnesses, as well as copies of the parties' exhibits available at trial.[6] But again, NCS fails to demonstrate how these tens of thousands of copies were *necessary* to the litigation. In fact, NCS's assertions make clear that these were all convenience copies used by its attorneys, not necessarily obtained for use in the case, and not taxable per the statute. *See Iniekpo*, CIV A. No. SA-07-CA-879-SR, 2010 SL 3909321, at *2 n.21.

With respect to the copies of the parties' exhibits that NCS had available at trial, as the Court is aware, the Court required the parties to use electronic exhibits (posted to the JERS system) for any exhibit to be present during trial. Dkt. 328-3. Despite the requirement by the Court that the parties use electronic exhibits only, NCS implies that hard copies of the exhibits were nonetheless necessary based on the Court Clerk's recommendation in the event of technological difficulties. Dkt. 328 at 10. However, prior to that recommendation, the Clerk states "Judge

---

[6] NCS, however, provides no breakdown of the vast multitude of copies among these categories.

7

88765577.4

Albright *does not require* a paper [] copy of exhibits from both parties." Dkt. 328-3 at 2. Section 1920(4) is explicit in that it requires the copies be necessarily obtained for use in the case. In view of the Court's express directive that paper copies are not required copies of the exhibits are not taxable per § 1920(4).

Notwithstanding whether or not extra copies of the exhibits were necessary, NCS's invoice fails provide, among the 49,000+ copies, how many of those copies were for these exhibits versus copies that were used for other purposes. Without those details, such costs could not be accurately taxed even if the Court deems such copies were necessarily obtained for use in the case.

## VI.   CONCLUSION

For the reasons stated, TCO AS respectfully requests that the Court deny NCS's requested costs of $41,148.93 for Trial Animations/Graphics, Trial Technician Costs, and certain Document Reproduction costs, consisting of

       a) $12,389.50 for Trial Animations/Graphics,

       b) $17,539.39 for Trial Technician, and

       c) $11,220.04 for Document Reproduction.

| | |
|---|---|
| Dated: March 30, 2023 | */s/ Jonathan R. Spivey* <br> Jonathan R. Spivey <br> Texas Bar No. 24002989 <br> jspivey@polsinelli.com <br><br> LaTasha M. Snipes <br> Texas Bar No. 24072504 <br> tsnipes@polsinelli.com <br><br> POLSINELLI, PC <br> 1000 Louisiana St., Suite 6400 <br> Houston, Texas 77002 <br> (713) 374-1600 (Office) <br> (713) 374-1601 (Facsimile) <br><br> Darren E. Donnelly (*pro hac vice*) <br> California Bar No. 194335 <br> ddonnelly@polsinelli.com <br> Three Embarcadero Center, Suite 2400 <br> San Francisco, CA 94111 <br><br> Randal S. Alexander (*pro hac vice*) <br> Illinois Bar No. 6298199 <br> ralexander@polsinelli.com <br> 150 N. Riverside Plaza, Suite 3000 <br> Chicago, IL 60606 <br><br> **ATTORNEYS FOR DEFENDANT TCO AS** |

88765577.4

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2023 a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Western District of Texas and served via CM/ECF upon the counsel of record.

*/s/ Jonathan R. Spivey*
Jonathan R. Spivey

88765577.4